William STANLEY, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,
Defendant–Appellee.

No. 93–3987.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 19, 1994.

Decided Nov. 7, 1994.

Dianne R. Newman (argued and briefed), Sternberg, Newman & Associates, Akron, OH, for plaintiff-appellant.

Marlon A. Primes (argued and briefed), Office of the U.S. Atty., Cleveland, OH, for defendant-appellee.

Before: SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Plaintiff William Stanley ("claimant") appeals from the district court order affirming the determination of the Secretary of Health and Human Services ("Secretary") that he was not disabled and therefore not entitled to

disability insurance benefits. For the reasons that follow, we **AFFIRM**.

## I.

William Stanley was born on May 24, 1940. He has a high school degree and has worked as an anodizer at Goodyear Aerospace for most of his adult life. Claimant also has a history of treatment for kidney stones. He underwent a jejunoileostomy in 1976, and developed kidney stones thereafter. He received disability benefits from 1982 through 1987 until he returned to work. Claimant filed the present application for disability insurance benefits under Title II of the Social Security Act on November 9, 1988, citing arthritis and recurrent passing of kidney stones. On June 18, 1990, he appeared pro se before an administrative law judge ("ALJ"). The ALJ denied claimant's request on August 20, 1990, finding that he was not disabled because he was able to perform a significant number of skilled sedentary jobs in the economy. Claimant, this time through counsel, sought review by the Appeals Council. The Appeals Council vacated the ALJ's decision and remanded the case, directing the ALJ to obtain additional medical evidence regarding claimant's depression, and if necessary, to seek additional vocational expert testimony.

A second hearing was held on August 14, 1991. On October 25, 1991, the ALJ issued a decision denying benefits. The ALJ found that claimant was insured for disability benefits through at least December 31, 1992, and that he had engaged in substantial gainful activity during the period from May 24, 1989 to December 23, 1989, since his onset date of March 25, 1988. The ALJ also found that claimant's impairments, which consisted of multiple kidney stones, multiple joint arthritis, and a history of depression, did not meet or equal a condition in the listings; and that his subjective complaints of disabling pain were not supported by objective medical evidence, did not meet the factors set forth in Social Security Ruling ("SSR") 88–13 and were not credible. Finally, the ALJ determined that Stanley had the residual functional capacity to perform sedentary work activities that were of a relatively low stress nature, and although he could not perform his past relevant work as an anodizer, he had the capacity to perform skilled jobs such as a production clerk, floor inspector, and assembler.

The Appeals Council denied claimant's request for review, and the ALJ's decision became the final decision of the Secretary. Claimant filed a complaint in federal court pursuant to 42 U.S.C. § 405(g). Per stipulation of the parties, the magistrate judge made a final determination upholding the Secretary's decision.

## II.

 This court's review of the Secretary's denial of Stanley's claim is strictly limited by 42 U.S.C. § 405(g). Where the record as a whole contains substantial evidence to support the Secretary's determinations, the Secretary's decision must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

 Claimant challenges the ALJ's findings that claimant's testimony about disabling pain, other symptoms and functional limitations were not supported by the objective medical evidence and were not credible. In evaluating subjective complaints of disabling pain, this court looks to see whether there is objective medical evidence of an underlying medical condition, and if so, then

1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or,

2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Jones v. Secretary, Health & Human Servs.,* 945 F.2d 1365, 1369 (6th Cir.1991) (quoting *Duncan v. Secretary of Health & Human Servs.,* 801 F.2d 847, 853 (6th Cir. 1986)). In addition, SSR 88–13 acknowledges that when dealing with the inexact measure of an individual's pain

There are situations in which an individual's alleged or reported symptoms, such as pain, suggest the possibility of a greater restriction of the individual's ability to function than can be demonstrated by objective medical evidence alone.

In such cases, reasonable conclusions as to any limitations on the individual's ability to do basic work activities can be derived from the consideration of other information in conjunction with medical evidence.

*Jones,* 945 F.2d at 1370.

■ Stanley argues that the Secretary has not presented any evidence that claimant is not suffering from the presence of multiple kidney stones or joint pain, and that the evidence of his treating physicians confirms his condition. However, as the ALJ found, the record fails to show that claimant has persistent impairment of his kidney functioning as a result of the kidney stones. The IVP studies taken since March 1988 provide no indication that claimant's history of kidney stones has impaired the rest of his urinary system. Since the onset date, claimant received only three emergency room treatments for kidney stones. Further, Dr. Van Fossen, M.D., a urologist, stated in his December 9, 1988 report that while claimant had passed multiple urinary stones which caused frequent pain and disability, his serum chemistries—serum calcium, phosphorous and uric acids—were normal.

Regarding claimant's arthritis, the ALJ correctly noted that x-rays of claimant's cervical spine during emergency room treatment for a car accident noted the presence of some degenerative changes, but also noted that the intervertebral disc spaces were preserved and spinous processes also appeared to be intact. Dr. Raynor, who treated claimant for arthritis, found multiple areas of tenderness, but no active joint inflammation or synovitis. Dr. Raynor's laboratory tests showed that claimant's rheumatoid factor was negative and that his other chemical tests were normal. Dr. Kennedy, who conducted a consultative exam, found that claimant did not have any swelling, warmth, or effusion in any of his joints. Further, although claimant demonstrated a reduced range of motion in all of his joints, his manipulation, pinch, and fine hand coordination were intact.

As for claimant's depression, the record reflects that Dr. Shah, with whom claimant treated, reported that Stanley had no restrictions in his daily activities and no effect on his interests; that he had an average ability to take care of his needs; an average ability to relate to other people, including fellow workers and supervisors; an average ability to maintain attention required to perform simple repetitive tasks; and an average ability to withstand the ordinary stress and pressures associated with daily work activities.

■ Stanley relies heavily on the opinion of his treating physician Dr. Goswami who reported that claimant was disabled. We conclude, however, that the ALJ did not err in declining to refer to this opinion because Dr. Goswami originally opined that claimant could perform sedentary work and did not provide any objective medical evidence to support his change of heart. *See Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). As for the ALJ's credibility determination of claimant's subjective allegations of pain, we believe that demonstrable discrepancies in the record, as pointed out by the ALJ, more than justify his conclusion. *See Gooch v. Secretary of Health & Human Servs.,* 833 F.2d 589, 592 (6th Cir.1987), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1050, 98 L.Ed.2d 1012 (1988). In short, while we recognize that claimant has passed numerous kidney stones in the past, and received pain medication at times, there is simply no objective medical evidence in the record to indicate that claimant is in continuous disabling pain because of the stones, and that the condition will continue.

■ Lastly, Stanley contends that the ALJ posed a hypothetical question that did not accurately reflect claimant's exertional and nonexertional limitations. Specifically, claimant maintains that the hypothetical question posed should have taken into account the fact that Stanley cannot work on a daily basis. However, because the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals, *Hardaway v. Secretary of Health & Human Servs.,* 823

F.2d 922, 927–28 (6th Cir.1987), we see no reason to disturb the ALJ's finding that there were a significant number of jobs available to claimant.

In sum, we find that substantial evidence supports the Secretary's conclusion. We therefore **AFFIRM.**