50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy CARPENTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3329.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1995.
 
 Before: BROWN, NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's order affirming the Secretary's denial of benefits under the Social Security Act. After a careful review of the record, we find that there is substantial evidence to support the Secretary's determination and therefore AFFIRM.[1]
 
 I.
 
 2
 Claimant Randy Carpenter's application for disability insurance benefits was denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing and denied claimant's application. Claimant sought review in the district court and now appeals the district court's judgment in favor of the Secretary.
 
 
 3
 The ALJ found that claimant has various medical impairments including reactive depression and dependent personality disorder. It is undisputed that claimant's impairments do not meet or equal the level of severity described in the Listing of Impairments in Appendix 1 to Subpart P. Based on the record before him, the ALJ concluded that claimant's functional limitations did not interfere with his ability to engage in his past relevant work.
 
 II.
 
 4
 This court reviews the final decision of the Secretary to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); 42 U.S.C. Sec. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401. If supported by substantial evidence, the Secretary's decision must be affirmed, even if a reviewing court could decide the matter differently. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir.1994).
 
 
 5
 Claimant concedes that his impairment does not meet or equal a listed impairment. He claims, however, that the ALJ erred by finding that he had the residual functional capacity to perform a significant number of jobs in the national economy. We disagree.
 
 
 6
 The ALJ evaluated claimant's severe mental limitations using the criteria set forth at 20 C.F.R. Sec. 404.1520a(b)(3). Assessing all four areas of function,[2] the ALJ determined that claimant did not have significant functional limitations and concluded that claimant had the ability to return to his previous job. We find that substantial evidence supports the ALJ's conclusion.
 
 
 7
 Substantial evidence exists to support the ALJ's finding that claimant can carry out activities of daily living. Claimant's family physician opined that claimant did well in caring for his personal needs. At the time of the hearing, claimant had completed three semesters of college and one of his professors, Hernandez, indicated that claimant was a successful student.
 
 
 8
 Substantial evidence supports the ALJ's finding that claimant can maintain social functioning with only slight difficulties. Dr. Lewin found that claimant was not significantly limited in his ability to interact with the public, was able to maintain appropriate social behaviors, and would have no difficulties in an employment setting when requesting assistance. Professor Hernandez's observations of claimant's actual behavior also supports the ALJ's conclusion; Hernandez indicated that claimant showed respect for his teachers, was cooperative with and accepted by his fellow students.
 
 
 9
 Additionally, we find that the ALJ's conclusion that claimant seldom experienced difficulties in concentration, persistence, or pace is supported by substantial evidence. Dr. Budzenski stated that claimant could maintain jobs that had clear-cut rules and job duties. Dr. Lewin stated that claimant could understand, remember, and carry out detailed instructions, perform activities within a schedule, maintain regular job attendance and sustain an ordinary work routine without special supervision.
 
 
 10
 Lastly, substantial evidence exists to support the ALJ's finding that claimant did not experience episodes of deterioration or decompensation in work settings. Claimant's testimony supports this finding, as he testified that he never left a job as a result of his mental problems. As such, the ALJ properly concluded that claimant's mental impairments did not prevent him from performing his past relevant jobs as a welder or carnival worker.[3]
 
 
 11
 Claimant also contends that the hypothetical questions posited to the vocational expert ("VE") were flawed because the evidence indicates his mental impairment significantly restricts his ability to perform work activities, and thus, the only valid hypothetical must include his mental limitations. We disagree.
 
 
 12
 The ALJ must consider the combined effects of all claimant's impairments in determining claimant's ability to function. 20 C.F.R. Sec. 404.1523; Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1071 (6th Cir.1992). Although each element of the hypothetical must accurately describe the claimant, Felisky, 35 F.3d at 1036, the ALJ is not obliged to incorporate unsubstantiated complaints into the hypotheticals. Stanley v. Secretary of Health & Human Servs., 39 F.3d 115, 118-19 (6th Cir.1994).
 
 
 13
 Claimant asserts that he should be found disabled because the VE testified that, if he accepted the limitations asserted by claimant and found in Dr. Lewin's Psychiatric Review Technique Form, there were no jobs claimant could perform. We note, however, that Dr. Lewin's report only differed from the ALJ's determination in one area: social functioning.
 
 
 14
 Moreover, Dr. Lewin did not have the benefit of all relevant evidence. He admits that to perform a more accurate assessment, it is crucial to examine how claimant functions in normal daily activity. The ALJ had access to information concerning claimant's daily activity which Dr. Lewin did not have; Hernandez's letters. Hernandez, who had ample opportunity to observe claimant, indicated that claimant is a "hard-working student, is very respectful, has applied himself excellently, and is an 'A' student."
 
 
 15
 The ALJ also assessed claimant at the hearing, noting that claimant "seemed able to attend closely and fully to the proceedings without any noted distractions." (J.A. at 22.) Because substantial evidence exists to support the ALJ's conclusion that claimant did not have mental impairments that would affect his ability to function in a work-setting, we find his hypotheticals proper, and we further find that the VE's testimony in response to those questions constitute substantial evidence demonstrating that claimant was not disabled.
 
 
 16
 For the reasons provided above, we AFFIRM the Secretary's denial of benefits.
 
 
 
 [1]
 Claimant's first argument, that the ALJ erroneously concluded that claimant did not have a severe impairment, is not well taken. Indeed, it is contrary to the record; the ALJ unequivocally stated "The claimant has a severe combination of impairments but has no impairment or combination of impairments that meet or equal in severity the level of the Listings of Impairments in Appendix 1 to Subpart P...." (J.A. at 24) (emphasis added)
 
 
 [2]
 The four areas are: (1) ability to carry out activities of daily living, (2) ability to maintain social functioning, (3) ability to maintain concentration, persistence or pace, and (4) frequency of episodes of deterioration or decompensation in work or work-like settings
 
 
 [3]
 We also note that the ALJ properly discounted claimant's testimony concerning the effect of his mental limitations on his ability to perform work-related activities, especially in light of his admission that he has never sought treatment with any mental health professional and has never taken any antipsychotic or psychotropic medications