64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Birdie I. BISHOP, Plaintiff-Appellant,
v.
Donna E. SHALALA, M.D., Secretary of Health and Human
Services Defendant-Appellee.
 No. 94-5375.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1995.
 
 Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Birdie Bishop appeals the judgment of the district court affirming the denial of social security disability and supplemental security benefits. Based on the following discussion, we affirm.
 
 I.
 
 2
 Bishop was formerly employed as a boat molder and as a worker in the garment industry. The record contained evidence that Bishop had been under the care of at least five physicians for various ailments including allergies, occupational asthma, degenerative disc disease, bilateral carpal tunnel syndrome, and sesamoiditis. None of the doctors, however, placed any limitations upon her ability to work beyond certain environmental restrictions.[1]
 
 
 3
 On September 18, 1991, Bishop filed applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Both claims were denied initially, and upon reconsideration. At a hearing before the administrative law judge ("ALJ"), Bishop successfully made out a prima facie case that she was disabled. The burden then shifted to the Secretary to show that significant numbers of jobs existed for Bishop in the national economy. Appropriate jobs in Bishop's case involved light, semi- to un-skilled jobs in a clean environment, i.e., smoke-free, dust-free, and fume-free.
 
 
 4
 In response to the ALJ's questioning, the vocational expert ("VE") testified that there was a number of appropriate jobs: 8,400 assembly jobs, 4,000 receptionist jobs, and 4,000 clerical mail distribution jobs.[2] The ALJ then requested information about jobs that would have a sit/stand option. The VE stated that all of the receptionist jobs and approximately 2,100 of the total assembly jobs would allow a frequent change of position. He further testified that residual weakness in her non-dominant (left) hand would not affect her ability to do any of these jobs.
 
 
 5
 Bishop's attorney then posed a hypothetical which assumed that Bishop had absolutely no grip in her left hand. The VE testified that none of the previously mentioned jobs would be available in such a case. Finally, counsel asked the VE to assume that Bishop had allergy attacks which forced her to lie down for an extended period every day. Based on this assumption, the VE testified that none of the jobs would be available. He also testified that the receptionist jobs would likely bring Bishop into contact with people wearing perfume or aftershave which might trigger her allergy attacks.
 
 
 6
 The VE did not specifically testify regarding the area in which these jobs were available. At the conclusion of the VE's testimony, both Bishop and her counsel stated that they had no further questions about the jobs. The ALJ found that the Secretary had met her burden, and, hence, plaintiff was not disabled. The Appeals Council affirmed.
 
 
 7
 Bishop then filed this action in the district court challenging the Secretary's decision. The magistrate judge recommended that the court affirm the Secretary's decision. Bishop objected to the recommendation, noting, for the first time, that the VE failed to testify regarding the area in which suitable jobs were available. The district court adopted the magistrate judge's report and recommendation.
 
 II.
 
 8
 To be entitled to disability benefits, claimant must establish a physical or mental impairment, lasting at least twelve months, that prevents her from engaging in any substantial gainful activity. See 42 U.S.C. Sec. 423(d)(3). She has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d)(1)(A). A claimant establishes a prima facie case by showing that she is unable to perform her former work. The burden then shifts to the Secretary to show that claimant, considering her age, education, and work experience, can perform other work existing in significant numbers in the national economy. Born v. Sullivan, 923 F.2d 1168, 1173 (6th Cir. 1990).
 
 
 9
 Bishop contends that the district court erred in finding that substantial evidence supported the Secretary's determination that she was not entitled to disability benefits. We must affirm the Secretary's decision if it is supported by substantial evidence on the record as a whole. Id. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 10
 First, Bishop alleges that the ALJ erred in finding that the Secretary sufficiently proved a significant number of suitable jobs existed in the national economy. She bases this allegation on the fact that the VE did not specifically state the location of the suitable jobs.
 
 
 11
 The vocational expert testified that approximately 16,400 light, semi- to un-skilled jobs existed in a clean environment. These jobs included assembly work, receptionist work, and clerical mail work. Additionally, the expert testified that approximately 6,100 of these jobs would allow a frequent change of position to accommodate any back problems. This testimony is sufficient to show that Bishop still has significant job opportunities. Born, 923 F.2d at 1174-75 (finding a significant number of jobs where 2,500 light assembly jobs allowing a sit/stand option existed in a local region of Western Tennessee); Barker v. Sullivan, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (1,200 jobs within parameters of significant numbers); Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) (500 jobs); Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 - 1,800 jobs is significant number).
 
 
 12
 The fact that the VE did not state the exact location of the jobs is insignificant in this case. While the expert was still on the stand, both Bishop and her attorney affirmatively stated that they had "[nothing] else ... to say about these kinds of jobs." Under these circumstances, it is reasonable to infer that the jobs existed "in the national economy." As this court has stated, "[t]he decision [of whether work exists in significant numbers] should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." Hall, 837 F.2d at 275.[3]
 
 
 13
 Next, Bishop alleges that the ALJ failed to consider the combination of her impairments. The questions posed to the vocational expert demonstrate otherwise. The ALJ's hypotheticals regarding light jobs in a dust-free, smoke-free, fume-free environment indicate that he fully considered Bishop's allergies, asthma, left hand weakness, and back problems.
 
 
 14
 Additionally, the ALJ did not err in refusing to give more weight to Bishop's evidence regarding her left hand and her allergy attacks. The objective medical evidence in the record does not confirm Bishop's subjective claims. For example, she claims that she has absolutely no ability to grip with her left hand. The evidence in the record contradicts this point. In the spring of 1989, Bishop had a carpal tunnel release performed on both hands. Dr. Orgain's records show that over the next few months Bishop experienced some pain and numbness in her left hand, but was healing well. Dr. Orgain additionally noted that Bishop had full mobility of the hand and fingers, had no neurological deficit or compromise, and would be returning to work at the end of May 1989. He continued to see Bishop through 1991, and his notes indicate that she made no complaints of pain, numbness, or weakness in her hands.
 
 
 15
 As the magistrate judge concluded, "[n]one of [the] doctors ... placed any limitations upon [Bishop's] ability to work." Accordingly, "the ALJ [was] not obliged to incorporate unsubstantiated complaints into his hypotheticals." Stanley v. Shalala, 39 F.3d 115, 118 (6th Cir. 1994) (citing Hardaway v. Bowen, 823 F.2d 922, 927-28 (6th Cir. 1987)). In sum, we conclude that the district court properly found that substantial evidence supported the Secretary's determination that Bishop is not disabled.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Moreover, at least four of her treating doctors indicated that they were unable to complete medical assessments
 
 
 [2]
 The VE specifically testified that an individual with plaintiff's medical and vocational profile could perform assembling jobs, numbering 21,000, 40% of which would be in a clean environment; receptionist jobs, numbering 5,000, 80% of which would be in a smoke-free environment; and clerical mail distribution jobs, numbering 5,000, 80% of which would be in a smoke-free environment
 
 
 [3]
 Moreover, Bishop did not raise this issue in her initial filing of this action in the district court, nor did she raise it initially in her summary judgment motion. Bishop raised this issue for the first time in her objections to the magistrate judge's report and recommendation