72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronnie CURTIS, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-5487.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Ronnie Curtis, a social security claimant represented by counsel, appeals a district court judgment which affirmed the administrative decision denying him social security disability benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Curtis filed the current application for disability benefits alleging disability due to back pain, depression, respiratory problems, gout, obesity, high blood pressure, and alcoholism. An administrative law judge (ALJ) determined that Curtis had the residual functional capacity to perform sedentary work with a sit/stand option which did not require bending, exposure to respiratory irritants, work around heights or moving machinery, or the ability to understand, remember and carry out detailed instructions. Relying on the testimony of a vocational expert, the ALJ found that Curtis could perform work which exists in significant numbers in the national economy and was therefore not disabled. The Appeals Council adopted the ALJ's decision.
 
 
 4
 Curtis then sought judicial review of the administrative decision. After cross-motions for summary judgment and oral argument, a magistrate judge recommended that the administrative judgment be affirmed. The district court adopted this recommendation after de novo review in light of the objections filed.
 
 
 5
 On appeal, Curtis argues that the administrative decision is not supported by substantial evidence because the ALJ did not consider the combined effect of his impairments, erred in not finding that he was disabled by alcoholism prior to the expiration of his insured status in 1989, posed an inaccurate hypothetical question to the vocational expert, gave insufficient weight to the treating physician's opinion, and ignored his complaints of disabling pain.
 
 
 6
 Upon review, we conclude that the administrative decision is supported by substantial evidence. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987). The ALJ's decision shows that he did consider the combined effect of the alleged impairments. See Loy v. Secretary of Health and Human Servs., 901 F.2d 1306, 1310 (6th Cir.1990) (per curiam). The evidence of record did not show that Curtis was disabled by alcoholism or depression prior to the expiration of his insured status, and those conditions were therefore properly excluded from the hypothetical question to the vocational expert. The weight given to the treating physician's opinion was properly based on the extent to which it was supported by other evidence. See Young v. Secretary of Health and Human Servs., 925 F.2d 146, 151 (6th Cir.1990). Similarly, the allegations of disabling pain made by Curtis were viewed in light of the objective evidence of impairments which would be expected to produce such pain. See Stanley v. Secretary of Health and Human Servs., 39 F.3d 115, 117-18 (6th Cir.1994).
 
 
 7
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation