**Georgetta HARE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–4228.

United States Court of Appeals, Sixth Circuit.

June 19, 2002.

Before NORRIS and BATCHELDER,
Circuit Judges;  FORESTER, District

Judge.*

Georgetta Hare appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hare filed an application for social security disability insurance benefits alleging that she suffered from right cubital tunnel syndrome and shoulder impingement. Following a hearing, the administrative law judge (ALJ) determined that Hare was not disabled because she could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Hare then filed a complaint seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

■ Hare contends that the "district court's credibility determination drawn strictly from the cold administrative record" cannot withstand scrutiny under the applicable law and regulations. However, it is the ALJ, not the district court, that makes credibility determinations. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). The ALJ does not need to credit subjective complaints where there is no underlying medical basis for the complaint. *Fraley v. Sec'y of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir.1984). When there are discrepancies between the claimant's testimony and the written record, the reviewing court does not substitute its opinion for that of the ALJ. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592–93 (6th Cir.1987). Therefore, Hare's contention that the district court made an improper credibility determination is erroneous.

■ Hare objects to the Commissioner's rejection of the medical opinion of Dr. Miller, a treating physician. Dr. Miller felt that Hare was unemployable because she could not do anything with her right upper extremity. He felt that the condition would continue for the rest of Hare's life. However, Dr. Miller's opinion is contrary to the objective medical evidence in the record. Laboratory findings from both treating and examining physicians indicate that following surgery in June 1993 for right cubital syndrome there was no evidence of a recurrence of the syndrome or any nerve compression.

Hare underwent right shoulder decompression surgery in January 1998 and x-rays taken shortly thereafter demonstrated good decompression. Although Dr. Miller suggested the presence of thoracic outlet syndrome in August 1994, EMG studies performed in June 1997 as well as vascular studies performed in March 1998 and July 1998 showed no evidence of thoracic outlet syndrome. In May 1999, an MRI showed a small disc protrusion at the C3–4 level and mild C4–5 joint atrophy. However, Dr. Watson, a medical expert, indicated that these findings were not significant. In July 1997, Dr. Riley, a hand surgeon specialist, reported Hare had some limitation in the right shoulder, but her range of motion was full in the right

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Michigan, sitting by designation.

elbow and wrist. Further opinions by treating and examining physicians found Hare to have no abnormalities other than a partially reduced range of motion in the right shoulder. Thus, the objective medical evidence does not indicate that Hare's right arm impairment prevented her from working.

An opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.1988). The rejection of Dr. Miller's opinion that Hare was disabled did not constitute reversible error as Dr. Miller's opinion was contradicted by the objective medical evidence in the record.

■ Hare also contends that her testimony that she cannot write should be accepted as truthful as there is nothing in the record to refute her comments. However, despite her alleged inability to use her right arm or to write, Hare testified that she attended college for nearly two years after the alleged onset date of her disability and graduated in March 1999 with a bachelor's degree in nursing. Thus, it was not unreasonable for the ALJ to conclude that Hare could perform the writing necessary to take notes and tests in college. Accordingly, the ALJ's conclusion that Hare's testimony was not credible was within the parameters of the ALJ's responsibility. *Siterlet*, 823 F.2d at 920.

■ Hare objects to the ALJ's conclusion that she was capable of performing a significant number of jobs in the economy.

Hare argues that the ALJ's findings were not supported by substantial evidence because the hypothetical questions asked of the vocational expert did not include her inability to use her right arm or her inability to write for more than ten or fifteen minutes at a time. An ALJ is entitled to rely upon the testimony of a vocational expert in response to hypothetical questions where the questions accurately portray the claimant's physical and mental impairments. *Cline v. Comm'r of Social Security*, 96 F.3d 146, 150 (6th Cir.1996). However, the ALJ is only required to incorporate into the hypothetical questions those limitations which have been accepted as credible. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118–19 (6th Cir.1994).

The ALJ included all the limitations which he found to be credible. The ALJ limited Hare to lifting no more than ten pounds on occasion. She was to engage in no repetitive motions or repetitive fine motor tasks with the right hand. However, she could perform reaching and handling on occasion. The vocational expert testified that Hare could perform 400 health care technician jobs, 1,260 unskilled jobs as a surveillance systems monitor, and 400 unskilled jobs as a credit checker. Based on these statements, the ALJ concluded that there were a significant number of jobs in the economy which Hare could perform. *See Hall*, 837 F.2d at 273–76. Hare's contention that the hypothetical questions regarding her inability to use her right arm or to write more than ten or fifteen minutes should have been included in the hypothetical questions is meritless. These conditions were considered not credible by the ALJ and, therefore, did not have to be presented to the vocational expert. *Stanley*, 39 F.3d at 118–19.

■ Finally, Hare contends that the record is devoid of any evidence as to what

a surveillance systems monitor does. However, Hare and her attorney had the opportunity to question the vocational expert at the administrative hearing if they did not understand what he meant by the term surveillance systems monitor. Hare's claim that she does not now understand what such a position involves does not mean that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, we affirm the district court's judgment.