**Joseph G. BREWER, Petitioner–Appellant,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 01–6321.

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before CLAY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

### ORDER

Joseph G. Brewer appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument, and this panel agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brewer filed an application for social security disability insurance benefits alleging that he suffered from arthritis, fibro-

myositis, depression, and pain in the back, legs, arms, and hands. After four hearings, an administrative law judge (ALJ) determined that Brewer was not disabled because he could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Brewer then filed a complaint seeking judicial review of the Commissioner's decision. The district court subsequently granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

■ Brewer contends that the Commissioner failed to give appropriate weight to the opinions of his treating physicians and gave inappropriate weight to the opinions of consultive examiners. An opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where good reason is found in the record to do so. *See Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.1988). The evidence submitted by Brewer's treating physician, Dr. Bullock, supports the ALJ's determination that Brewer can perform a limited range of light work. Although Dr. Bullock indicated in various reports that Brewer could not perform his past work, he did indicate that Brewer could lift fifteen pounds twenty to sixty percent of the day and lift thirty pounds twenty percent of the day. Further, Dr.

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Bullock contacted Brewer's employer in an attempt to find Brewer alternative work which Brewer could perform. Thus, Dr. Bullock's findings support the ALJ's conclusion that Brewer can perform light work.

In contrast, the treatment notes of Dr. Russell lack objective medical evidence and are inconsistent with other assessments regarding Brewer's ability to work. As Dr. Russell's opinions are contradicted by other evidence in the record, the ALJ could reject Dr. Russell's opinion that Brewer was disabled even though Dr. Russell was a treating physician.

■ Brewer contends that there is insufficient evidence that he could perform other work. Brewer argues that the ALJ posed an inaccurate hypothetical question to the vocational expert and then erred by relying on the vocational expert's testimony. Brewer states that the hypothetical question was erroneous as it did not include Dr. Russell's 1991 opinions which would have restricted Brewer to a reduced range of sedentary work. However, the ALJ rejected Dr. Russell's opinions because they were not supported by objective medical evidence and were inconsistent with the record as a whole. The ALJ is not obligated to include unsubstantiated complaints and restrictions in his hypothetical questions. See Stanley v. Sec'y of Health & Human Servs., 39 F.3d 115, 118–19 (6th Cir.1994). The ALJ is required to include in the hypothetical questions only those limitations that accurately portray a claimant's physical and mental impairments. See Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The hypothetical question to the vocational expert was based on the objective medical evidence in the record, including the findings of Dr. Bullock. Therefore, the ALJ's reliance on the vocational expert's testimony to establish that Brewer could perform a substantial number of jobs in the economy does not constitute reversible error.

■ Brewer contends that the ALJ improperly credited his testimony regarding pain. Credibility determinations rest with the ALJ. See Siterlet v. Sec'y of Health & Human Servs., 823 F.2d 918, 920 (6th Cir.1987). In rejecting Brewer's testimony, the ALJ stated that Brewer's alleged pain was not supported by the medical evidence. Given that the medical evidence did not support Brewer's complaints, it was not improper for the ALJ to reject Brewer's testimony.

■ Brewer contends that the ALJ failed to follow the remand instructions of the Appeals Council and the district court. Brewer notes that the district court remanded his application on January 10, 1994, for further consideration. The remand was ordered to address the question of whether the jobs identified by the vocational expert at a previous administrative hearing constituted a significant number. At the final hearing, the vocational expert identified 1,095 local jobs, 13,100 state jobs, and 1,440,000 national jobs which Brewer could perform. These jobs constitute a significant number. See Harmon v. Apfel, 168 F.3d 289, 292 (6th Cir.1999). The district court noted that the ALJ's most recent decision satisfied the terms of its earlier remand order. Thus, the ALJ complied with the district court's remand instructions.

Finally, Brewer contends that the ALJ was biased. Our review of the hearing indicates no bias was shown. The ALJ, in fact, resolved several issues in Brewer's favor. The argument is without merit.

Accordingly, we affirm the district court's judgment.