Mary ZARLENGO, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.

No. 03–4335.

United States Court of Appeals, Sixth Circuit.

May 4, 2004.

John S. Regas, Weltman, Regas & Haag, Canton, OH, for Plaintiff–Appellant.

Suzanne Duman, Social Security Administration, Office of the General Counsel, Chicago, IL, Michael Anne Johnson, Kathleen L. Midian, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before GUY, GILMAN, and COOK, Circuit Judges.

## ORDER

Mary Zarlengo, who is represented by counsel, appeals a district court order affirming the Commissioner's denial of her applications for social security disability insurance benefits and for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is

not needed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Zarlengo filed applications for social security disability insurance benefits and for supplemental security income benefits on October 5, 1999. Zarlengo was born on April 8, 1939, and has an eleventh grade education. She previously worked as a doughnut maker, deli slicer, fast food worker, sandwich maker, packer on an assembly line, cashier/checker, short order cook, and nursing home cleaner. Zarlengo was allegedly disabled due to a history of alcohol abuse, personality disorder, degenerative disc disease, a depressive disorder related to alcohol abuse, and an anxiety disorder related to alcohol abuse.

After a hearing, an administrative law judge (ALJ) found that Zarlengo could perform her previous work as a deli slicer when her alcohol dependency was not considered. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Zarlengo then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.

The court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if the findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

The Commissioner's decision was reached at the fourth step of the five-step approach in determining Zarlengo's eligibility for benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The first three steps are not in issue, i.e., the claimant is not gainfully employed, she is severely impaired, and she does not meet or equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. At the fourth step, it is the claimant's burden to show that she is unable to perform her previous type of work. *See Studaway v. Sec'y of Health & Human Servs.,* 815 F.2d 1074, 1076 (6th Cir.1987). The Commissioner's decision is supported by substantial evidence.

Zarlengo states that the ALJ's finding that she could perform her past relevant work is not supported by substantial evidence. She states that the ALJ's finding that alcohol is a material and contributing factor to her disability is not supported in the record. She asserts that no physician reports that her mental limitations are a result of an alleged alcohol dependency. Zarlengo also states that the ALJ's finding that she can perform light work is contradicted by the medical evidence. The ALJ found that Zarlengo was disabled, but that her substance abuse was a contributing factor to that finding. When Zarlengo's dependency was not considered, her impairments did not prevent her from performing her past relevant work as a deli slicer.

There is medical evidence that Zarlengo abused alcohol between September 19, 1999, and November of 2000. Dr. Comley did not appear to know of Zarlengo's alcoholism on his initial examination. In a subsequent examination. Dr. Comley noted that Zarlengo's alcohol abuse was in remission. He did not discuss her history of chronic problems of alcohol abuse. Although Dr. Comley gave Zarlengo several restrictions regarding her mental functioning, these restrictions were in stark contrast to the assessments of Drs. Sunbury, Sethi, and Marlow.

Zarlengo testified at her administrative hearing that she had consumed alcohol

three months prior to the hearing, even though she was attending AA meetings. Zarlengo had denied drinking since September 1999 to Drs. Sethi and Sunbury in January 2000. However, Zarlengo had been arrested for driving under the influence of alcohol (DUI) in September of 1999. She had reported to her counselor that she last used alcohol in November 1999. She reported to Dr. Baxter that she had last used alcohol in December 1999. Zarlengo's counselor noted that Zarlengo had a poor prognosis because she did not keep her appointments notwithstanding that regular participation in counseling was a condition of her probation for her DUI conviction. Dr. Sunbury found that when Zarlengo was sober, she retained the ability to perform simple, common, repetitive tasks. Dr. Sethi found that while the alcohol abuse was in remission, Zarlengo had no mental limitations. Dr. Marlow agreed that Zarlengo could perform unskilled simple tasks that accommodated a need for low productivity requirements. As these reports establish that absent her alcohol abuse, Zarlengo's medical condition was not disabling, the decision of the Commissioner is supported by substantial evidence.

In considering Zarlengo's residual functional capacity requirements, the ALJ found that when Zarlengo was not abusing alcohol, her physical limitations did not preclude her from performing her past work as a deli slicer. The vocational expert testified that Zarlengo's job as a deli slicer accommodated her restriction of light exertional work involving simple, routine tasks, and low productivity. These restrictions adopted the physical restrictions placed on Zarlengo by Drs. Flynn and Marlow. As the vocational expert's testimony establishes that Zarlengo can perform her past relevant work, the decision of the Commissioner is supported by substantial evidence.

Finally, Zarlengo asserts that the ALJ was bound by the vocational expert's testimony that related to the mental limitations set forth by Dr. Comley. However, the ALJ credited only those restrictions that were supported by the record as a whole. *See Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994). The ALJ explained that he rejected Dr. Comley's restrictions because the restrictions did not accurately reflect Zarlengo's abilities when she was sober. Further, Dr. Comley's restrictions were inconsistent with the medical evidence in the record. Thus, the ALJ was not bound by the vocational expert's testimony as it related to the restrictions placed on Zarlengo by Dr. Comley.

Accordingly, we affirm the district court's order.