Anthony B. PECK, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 03–5687.

United States Court of Appeals, Sixth Circuit.

July 14, 2004.

Craig Housman, Housman & Sparks, Paducah, KY, for Plaintiff–Appellant.

Richard A. Dennis, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, Elyse Sharfman, Dennis R. Williams, Mary Ann Sloan, Jennifer Patel, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant–Appellee.

Before MARTIN and SUTTON, Circuit Judges and WILLIAMS, Senior District Judge.*

WILLIAMS, Senior District Judge.

The plaintiff-appellant, Anthony B. Peck, (hereinafter "Peck"), appeals from the district court's denial of his motion for summary judgment and grant of the Commissioner's motion for summary judgment on the administrative record. Peck filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain review of the Commissioner's denial of supplemental security income, (hereinafter "SSI"). Peck filed applications for disability insurance benefits, (hereinafter "DIB"), and SSI based upon residual problems from a broken right femur that have resulted in an inability to bend his right leg and difficulty walking. Peck argues that the Administrative Law Judge, (hereinafter "ALJ"), erred in finding that Peck's impairments or combination of impairments did not meet or medically equal the listed impairment found at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03. In addition, Peck argues that the ALJ erred with regard to the hypothetical question he posited to the vocational expert at Peck's hearing in that he failed to include important nonexertional limitations in the hypothetical question. Because we conclude that Peck's impairments met or medically equaled the impairment listed in § 1.03(A), we REVERSE the district court's decision and REMAND this case to the district court with instructions to REMAND the case to the Commissioner for an award of SSI benefits.

## I. BACKGROUND

Peck filed an application for DIB under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, on April 10, 2000. (Administrative Record, (hereinafter "A.R."), at 108–10.) He also protectively filed an application for SSI under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, on the same day. (A.R. at 234, 235–36.) Peck's claims are based upon residual problems from a complex supra-condylar fracture of the right distal femur, which occurred during a serious one-vehicle accident; Peck was under the

* This Hon. Glen M. Williams, Senior United States District Judge for the Western District of Virginia, sitting by designation.

influence of alcohol at the time of the motor vehicle accident. Peck's applications were denied both initially and upon reconsideration. (A.R. at 90–93, 94, 96–98, 238–41, 243–46.) Peck then requested a hearing before an ALJ. (A.R. at 99.) The ALJ held a hearing on June 6, 2001. (A.R. at 29–71.)

By decision dated August 16, 2001, the ALJ denied Peck's claims. (A.R. at 14–23.) The ALJ found that Peck's alleged impairment could not be considered to determine whether he was entitled to DIB benefits because his alleged impairment arose or was aggravated during the commission of a felony for which Peck was subsequently convicted. (A.R. at 21–22.) *See* 42 U.S.C.A. § 423(d)(6)(A) (West 2003). The ALJ also found that Peck had not engaged in substantial gainful activity since the alleged onset of disability. (A.R. at 22.) The ALJ determined that Peck suffered from a severe impairment, namely residual problems from a right femur fracture; however, he also determined that Peck's impairment did not meet or medically equal one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. at 22.) The ALJ found that Peck's allegations regarding his limitations were not totally credible. (A.R. at 22.) The ALJ also found that Peck retained the functional capacity to perform a significant range of sedentary work activity on a sustained basis with the following additional limitations: (1) that Peck must have an ambulation aid in order to stand and/or walk; (2) that Peck could stand and/or walk for a total of two hours in an eight-hour workday; (3) that Peck could never kneel, crouch, crawl, climb, or balance; (4) that Peck could frequently stoop; and (5) that Peck should avoid concentrated exposure to unprotected heights and moving machinery and should avoid whole body vibration. (A.R. at 22–23.) The ALJ determined that Peck was unable to perform his past relevant work as a laborer, an iron-worker and a truck driver. (A.R. at 15, 22.) The ALJ also determined that Peck was a younger individual with a high school, or high school equivalent, education. (A.R. at 22–23.) Based upon Peck's age, education, past work experience and the testimony of a vocational expert, the ALJ concluded that there were other jobs in the national economy that Peck could perform. (A.R. at 23.) Therefore, the ALJ determined that Peck was not under a disability as defined by the Social Security Act, and that he was not entitled to benefits. (A.R. at 23.) *See* 20 C.F.R. § 416.920(f) (2003).

After the ALJ issued his decision, Peck pursued his administrative appeals, (A.R. at 8), but the Appeals Council denied his request for review. (A.R. at 5–6.) Peck then filed an action in the United States District Court for the Western District of Kentucky challenging the ALJ's unfavorable decision on his SSI claim, which stood as the Commissioner's final decision; Peck did not appeal the ALJ's unfavorable decision with regard to his DIB claim. *See* 20 C.F.R. § 416.1481 (2003). The matter was referred to United States Magistrate Judge W. David King for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the district court deny Peck's motion for summary judgment, grant the Commissioner's motion for summary judgment and affirm the final decision of the Commissioner denying benefits. Peck filed objections to the magistrate judge's report. On March 28, 2003, Senior United States District Judge Edward H. Johnstone adopted the magistrate judge's report, thereby affirming the final decision of the Commissioner denying benefits.

Peck then appealed to this court.

## II. STANDARD OF REVIEW

The district court granted summary judgment on the administrative record;

this court reviews that judgment de novo. *See Walker v. Sec'y Health & Human Servs.*, 980 F.2d 1066, 1069 (6th Cir.1992). Under 42 U.S.C. § 405(g), a court's review of the Social Security Administration's factual determinations is limited to the question of whether they are supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir.1994).

### III. ANALYSIS

In the case at bar, two issues were raised upon appeal: (1) whether the ALJ erred when he found that Peck's condition did not meet or medically equal a listed impairment contained in 20 C.F.R. Part 404, Subpart P, Appendix 1, and (2) whether the ALJ erred with regard to the hypothetical question he posited to the vocational expert at Peck's hearing.

After reviewing the record in this case, the court is of the opinion that Peck's SSI claim should be remanded for an award of benefits because his condition met or at least medically equaled the impairment formerly listed at Section 1.03(A). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 103(A) (1999). At the time Peck filed his application for SSI, Section 1.03(A) provided for an award of benefits if a claimant suffered from arthritis of a major weight-bearing joint with a history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination with gross anatomical deformity of the knee, such as contracture, supported by x-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.03(A) (1999).

The record reveals that Peck suffered a traumatic injury to his right knee in an automobile accident in 1998 and that this injury has been subsequently further complicated by serious infections. As early as April 24, 2000, not even a month after Peck filed his application for SSI benefits, Dr. Stephen Jackson, M.D., Peck's treating orthopedic surgeon, stated in a report that was before the ALJ, that Peck suffered from a severe extension contracture of the knee with motion to only approximately 30–40 degrees. (A.R. at 181.) Dr. Dennis Beck, M.D., an orthopedic physician, examined Peck on January 27, 2001 at the request of the Commissioner; this report also was part of the record before the ALJ. (A.R. at 220–28.) In his report, Dr. Beck stated that current x-rays revealed evidence of degenerative joint disease and that Peck had "very little knee joint left." (A.R. at 221.) As a result, Dr. Beck determined that Peck's use of a crutch and a knee brace were "absolutely necessary." (A.R. at 221.) Furthermore, the ALJ found that Peck could walk and stand for only two hours in an eight-hour workday, which appears to be consistent with every residual functional capacity opinion contained in the record. (A.R. at 22.)

In addition, Dr. Jackson, in a report dated December 29, 2001, stated that, in his opinion, Peck's condition met or medically equaled the impairment listed at Section 1.03(A) (A.R. at 247–48.) While this report was not before the ALJ, likely due to the fact that Peck was unrepresented at the hearing stage, this report was provided by his counsel to the Appeals Council, which stated that it had considered the report in reaching its decision to deny review. (A.R. at 5–7.)

The uncontradicted evidence of record, therefore, shows that Peck's condition met or medically equaled the impairment listed in Section 1.03(A) prior to his undergoing fusion of the knee. Thus, the ALJ erred

when he concluded that Peck's condition did not meet or medically equal a listed impairment. Given that we conclude that the ALJ erred in failing to find that Peck's condition met or medically equaled a listed impairment, we do not consider whether the ALJ erred with regard to the hypothetical question he posited to the vocational expert at Peck's hearing.

## III. CONCLUSION

For the foregoing reasons, we RE-VERSE the district court's order denying Peck's motion for summary judgment, granting the Commissioner's motion for summary judgment and affirming the final decision of the Commissioner denying benefits. In addition, we REMAND this case to the district court with instructions that the district court is to REMAND the case to the Commissioner for an award of SSI benefits.