Vasile TURCUS, Plaintiff–Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION,
Defendant–Appellee.

No. 03–2578.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

Kenneth F. Laritz, Clinton Township, MI, for Plaintiff–Appellant.

Sheila H. Gaskell, U.S. Attorney's Office, Detroit, MI, for Defendant–Appellee.

Before SUHRHEINRICH and CLAY, Circuit Judges; and NIXON, District Judge.*

### ORDER

Vasile Turcus, who is represented by counsel, appeals a district court judgment affirming the Commissioner's denial of his applications for supplemental security income benefits and for social security dis-

ability insurance benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Turcus filed an application for supplemental security income benefits on March 12, 2001, and an application for social security disability insurance benefits on March 29, 2001. Turcus was born on September 11, 1950. He has an eighth grade education with vocational training in construction. Turcus previously worked as a construction worker. Turcus was allegedly disabled due to a delusional disorder, depression, and degenerative disc disease. After a hearing, an administrative law judge (ALJ) found that Turcus could perform a substantial number of jobs in the economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Turcus then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.

Our review is limited to whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). We must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

■ Turcus contends that the ALJ erred in finding that his testimony was not entirely credible. Turcus states that the ALJ failed to provide meaningful analysis on how he reached his conclusion and that

* The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

the ALJ's credibility assessment is not supported by the record.

Credibility determinations rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir.1987). The ALJ stated that he carefully considered the entire record before concluding that Turcus's testimony was not entirely credible. The ALJ acknowledged that Turcus's nonexertional limitations were greater than those of his exertional limitations. The ALJ stated that based on the statements and recommendations of Dr. Haq, a treating psychiatrist, he concluded that Turcus was not precluded from engaging in work. However, Turcus had to avoid stressful environments, altercations with authority figures, and other situations or tasks that would exasperate his symptoms. The ALJ does not need to credit subjective complaints where there is no underlying medical evidence for the complaint. *Fraley v. Sec'y of Health & Human Servs.,* 733 F.2d 437, 440 (6th Cir.1984). When there are discrepancies between the claimant's testimony and the written record, the reviewing court does not substitute its opinion for that of the ALJ. *Gooch v. Sec'y of Health & Human Servs.,* 833 F.2d 589, 592 (6th Cir.1987). As the ALJ acknowledged that Turcus did have nonexertional limitations as a result of his mental impairments, and those conclusions are based on the recommendations and statements by treating psychiatrists, the ALJ did not commit reversible error by rejecting, to an extent, Turcus's testimony.

■ Turcus notes that he is receiving benefits from the state of Michigan which he asserts are identical to the disability requirements for social security disability benefits. However, a decision by another government agency as to an individual's disability is not binding upon the Social Security Administration. 20 C.F.R. § 404.1504. Thus, the ALJ is not bound by a determination of disability made by the state of Michigan.

■ Turcus suggests that his GAF score of thirty-five indicates that he cannot perform simple and routine work. Thus, he is disabled. The ALJ did not ignore the GAF score in determining Turcus's ability to work. The ALJ concluded that the score seemed to reflect the delusional aspect of Turcus's thoughts about authority figures. This conclusion is supported by Dr. Haq's opinion that Turcus had no significant limitations in his ability to sustain concentration and persistence to carry out simple instructions, to perform activities within a schedule, to maintain regular attendance, to sustain an ordinary routine without supervision, to work in coordination with others, and to make simple work related decisions. Thus, the ALJ did not err in giving weight to Dr. Haq's opinion since his findings accurately describe Turcus's ability to engage in work related activities.

■ Turcus contends that the ALJ failed to evaluate his mental limitations as the ALJ did not mention 20 C.F.R. § 404.1520a. The ALJ did discuss Turcus's ability to engage in sustained work. The ALJ's conclusion was based on the opinion of Dr. Haq. Since the ALJ evaluated Turcus's mental limitations as required by § 404.1520a, the ALJ's failure to specifically mention the regulation is not reversible error.

Finally, Turcus argues that the ALJ's decision is flawed because the ALJ's hypothetical questions to the vocational expert were defective and incomplete due to the ALJ's failure to mention or include Turcus's deficiency in concentration, persistence, or pace. However, the ALJ specifically accounted for Turcus's deficiencies by limiting him to performing simple, routine tasks of no more than three steps; requiring a low stress environment; and limiting contact with the public, co-workers, and

supervisors. These limitations were based on the restrictions that Dr. Haq placed on Turcus. The ALJ is not obligated to include unsubstantiated complaints and restrictions in his hypothetical questions. *See Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118–19 (6th Cir.1994). The ALJ is required to include in the hypothetical questions only those limitations that accurately portray a claimant's physical and mental impairments. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987). The hypothetical questions to the vocational expert were based on the objective medical evidence in the record, including the findings of Dr. Haq. Therefore, the ALJ could rely on the vocational expert's testimony to conclude that Turcus was capable of performing a substantial number of jobs in the economy.

Accordingly, we affirm the district court's judgment.