**Sheila R. ARNETT, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 02–2269.**

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2003.

David I. Megdell, Victor L. Galea, Sr., Flint, MI, for Plaintiff–Appellant.

Nancy L. Bingaman, Social Security Administration, Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

## ORDER

This is an appeal from a judgment affirming the Commissioner's decision to deny an application for Social Security disability benefits. The parties have briefed the issues and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Sheila Arnett filed an application for disability benefits based on impairments of her spine. The application was eventually referred to an administrative law judge ("ALJ") for an evidentiary hearing. The ALJ concluded that Arnett's application should be denied. The Commissioner adopted this decision and Arnett took an appeal to the district court on the authority of 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the Commissioner's decision should be affirmed. The district court adopted this recommendation, over Arnett's objections, and this appeal followed.

Counsel for Arnett argues that the Commissioner's decision is not supported by the evidence and that the Commissioner did not follow the applicable regulations in reaching the conclusion in question. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his conclusion. "Substantial evidence" in this context is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This court will not review the evidence de novo, make credibility determinations nor weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989). If supported by substantial evidence, the Commissioner's decision must

be affirmed, even if a reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983), and even if the claimant's position is also supported by substantial evidence. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993). Review of this appeal shows that the issues presented lack merit.

The essence of this appeal is whether the Commissioner properly decided that Arnett's claimed back and hip pain was not disabling within the Social Security Regulations. Arnett was born in November 1953 and she had a high school education at the time of the Commissioner's final decision. Her past relevant work history included time spent as a teacher's aide, nurse's aide, a bus driver, maid/cook, sales clerk, and an electrolysist.

It is uncontroverted that Arnett suffers from a combination of impairments related to her back and hip joints. Her condition has been described over the years as one of disc degeneration and sclerosis, lumbar strain, chronic lower back pain, and fibromyalgia. Arnett herself testified that she experienced significant episodes of pain in her neck, shoulders, chest, ribs, hips, buttocks, legs, knees, feet, hands and arm. She represented that she could only sit for about twenty minutes at a time on a good day and that the pain increased with walking. Arnett further testified that this pain frequently caused her to have difficulty sleeping and, on occasion, caused her to crawl up flights of stairs in her home.

There was a significant body of evidence adduced, however, showing that Arnett's condition did respond to treatment and it did not completely limit her abilities to function and enjoy life. There are several instances in the medical evidence in which Arnett's condition is described as normal, unremarkable, mild, stable or improving. In addition, the record is replete with Arnett's having reported a positive response to medication and treatment. Finally, treatment records and Arnett's own descriptions of her daily activities were reflective of an individual who was not totally incapacitated.

The ALJ considered this evidence as well as evidence from a vocational expert (VE). The ALJ posed a hypothetical question to the VE, without objection, in which the VE was asked if a person with Arnett's educational and physical characteristics could perform any jobs in the economy. The VE identified approximately 25,000 jobs in the regional economy that would be within the hypothetical individual's abilities.

The ALJ heard this evidence and evaluated Arnett's claim through use of the five-step sequential analysis of 20 C.F.R. § 404.1520. The ALJ reached the fifth step of the evaluation after concluding that Arnett suffered from a severe impairment that prevented her from resuming her previous employment, but found Arnett less than credible in her descriptions of the degree of pain she was experiencing from her impairment. The ALJ found that Arnett retained the residual functional capacity to lift five pounds and to perform a limited range of tasks as set forth in the hypothetical question to the VE. The ALJ thus concluded that Arnett was not entitled to disability benefits as she retained the ability to perform a sufficient number of jobs available in the economy. The Commissioner adopted this decision and Arnett took an appeal to the district court.

The magistrate judge to whom the district court referred the appeal recommended that the Commissioner's decision should be affirmed. The magistrate judge reviewed the evidence and found that the Commissioner's decision was supported by substantial evidence generally. In addition, the magistrate judge specifically concluded that the Commissioner's decision to

discount Arnett's testimony going to the extent and severity of the pain she experienced was a finding uniquely within the Commissioner's discretion where, as here, this finding was supported by the evidence. Counsel for Arnett filed four specific objections to this report and recommendation and the district court adopted the recommendation over these objections.

Counsel for Arnett poses two issues for appellate review. The first issue is that the Commissioner's decision is not supported by the evidence. The second issue is that the Commissioner erred in failing to follow Social Security Administration regulations concerning the weight to be accorded the opinion of treating physicians.

The first issue lacks merit. It is apparent that counsel for Arnett wishes this court to engage in a de novo review of every aspect of every piece of the favorable, and less favorable, evidence presented to the Commissioner through the ALJ. This court, however, is not charged with conducting the kind of "super review" requested. Courts may not resolve conflicts in the evidence or decide questions of credibility in reviewing for substantial evidence. *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir.1972). The findings of the Commissioner, in fact, are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986). This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of appellate court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)).

■ A review of the evidence shows that the Commissioner had sufficient evidence, that is, an adequate "zone of choice," from which one could conclude that Arnett was not disabled by pain. Subjective complaints of "pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). In evaluating subjective complaints of disabling pain, this court must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the examination focuses on 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition, or 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain. *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir.1986). Because there are situations where pain symptoms may suggest a greater restriction than can be demonstrated by objective evidence, reasonable conclusions as to one's ability to do work activities can be derived from other information in conjunction with medical evidence. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117–18 (6th Cir. 1994). The relevant medical evidence of record as set forth above supports the ALJ's determination, within the "zone of choice," that Arnett's allegations of pain were not supported at every turn by contemporary, objective medical evidence. In fact, there was ample evidence to the contrary and in support of a finding that Arnett retained the residual functional capacity to perform a variety of other jobs existing in the economy.

■ The second issue also lacks merit. Counsel for Arnett contends that the Commissioner did not give proper deference to the opinion of Arnett's treating physician. In support of this claim, counsel points out portions of the opinions of a Dr. Bork that counsel claims were ignored or misrepresented by the Commissioner. To the extent that the Commissioner, through the

ALJ, summarized Dr. Bork's testimony, it is supported by the actual evidence, it is not inaccurate, and it falls within the "zone of choice" discussed above. To the extent that counsel argues that Dr. Bork's opinion on any aspect of this claim is dispositive, counsel is incorrect. The opinions and diagnoses of treating physicians are entitled to deference, but they are not entitled to complete deference and thus are not controlling if inconsistent with other substantial evidence or unsupported by detailed objective criteria and documentation. 20 C.F.R. §§ 404.1527(d)(2)-(4) & 416.927(d); *Cutlip v. Sec'y of Health & Human Serv.*, 25 F.3d 284, 287 (6th Cir. 1994). The evidence submitted in Arnett's claim was certainly conflicting as to the extent of her injury, the amount of pain she experienced, and the impact these factors had on her daily life and her ability to engage in gainful activity. Given this conflict, this court may not disturb the Commissioner's finding on this point. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.