**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  08a0055n.06**
**Filed:  January 15, 2008**

**No. 07-5793**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **ROSE VANCE,** | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY**, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellee. | ) | |

**BEFORE:    GUY, GILMAN, McKEAGUE, Circuit Judges.**

**McKEAGUE, Circuit Judge.**  Rose Vance seeks review of the district court's decision

upholding the Administrative Law Judge's ("ALJ's") denial of disability insurance benefits because

the ALJ found that Vance could perform her past specific work.  After reviewing the record, we find

substantial evidence supports the ALJ's decision to deny Vance benefits and therefore we affirm the

district court's judgment.

**BACKGROUND**

Vance filed an application for Social Security Disability benefits in August 2003, alleging

disability as of July 31, 2003.  After her application was denied in initial and reconsideration

determinations, she requested a hearing before an ALJ.  After holding hearings on her claim, on

December 9, 2005, the ALJ issued a decision that denied Vance her claim for benefits, finding that

she could do light work and therefore could still perform her past work as a Social Services Aide II.

On June 14, 2006, the Appeals Council of the Social Security Administration ("SSA") denied

Vance's request for review of the ALJ's decision, "at which point the ALJ's decision became the

final decision of the Commissioner of Social Security." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d

541, 544 (6th Cir. 2004) (citation omitted). Vance initiated this civil action in the United States

District Court for the Eastern District of Kentucky for review of the Commissioner's final decision

pursuant to 42 U.S.C. § 405(g) (2006). The district court subsequently adopted the magistrate

judge's Report and Recommendation, affirming the ALJ's decision to deny Vance disability benefits.

Vance timely appealed.

## ANALYSIS

On appeal, "this court conducts de novo review of the district court's legal conclusion that

the ALJ's decision was supported by substantial evidence." *Bass v. McMahon,* 499 F.3d 506, 509

(6th Cir. 2007) (citation omitted). However, we are limited to "deciding under 42 U.S.C. § 405(g)

whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve

conflicts in evidence, or decide questions of credibility." *Id.* (citation omitted). Rather, we "must

affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to

apply the correct legal standards or has made findings of fact unsupported by substantial evidence

in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations and

quotation marks omitted); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). "Substantial

evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health &*

*Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). "The findings of the

Commissioner are not subject to reversal merely because there exists in the record substantial

evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within

which the Commissioner can act, without the fear of court interference." *McClanahan v. Comm'r*

*of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citation and quotation marks omitted).

We previously have explained the five-step process that an ALJ undertakes when he or she

considers whether a claimant is entitled to a period of disability and disability insurance benefits

under the Social Security Act:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. *Id.* (citing 20 C.F.R. §§ 404.1520(b) and 416.920(b)(2000)). Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." *Id.* (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c) (2000)). Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d) (2000). Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled. *Abbott*, 905 F.2d at 923.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The claimant bears the burden

of proof during the first four steps, but the burden shifts to the Commissioner at step five." *Wilson*,

378 F.3d at 548 (citation omitted).

*Vance v. Comm'r of Soc. Sec.*
Case No. 07-5793

Applying the five-step process to Vance's claim for benefits, the ALJ first found that Vance

had not engaged in substantial gainful activity since the alleged onset of disability. Second, the ALJ

found that Vance had the following severe impairments: rheumatoid arthritis, fibromyalgia, allergies,

and reactive airway disease. Third, the ALJ found that Vance's impairment did not meet or

medically equal an impairment in the Listings and therefore step four was required. At the fourth

step, the ALJ denied her application for benefits because he found that, in light of her residual

functional capacity, Vance was able to perform her past relevant work. As such, the ALJ never

reached the fifth and final step. *See McClanahan*, 474 F.3d at 830 ("During the sequential

evaluation, if the claimant is found to be conclusively disabled or not disabled, the disability

determination is made, and the inquiry is ended.").

On appeal, Vance argues that the ALJ and the district court committed a litany of errors. In

particular, Vance disagrees with (a) the weight the ALJ accorded her treating physicians' opinions;

(b) the ALJ's evaluation of her pain, credibility, and subjective complaints; and (c) the district

court's evaluation of the record as a whole.[1]

## A. Weight of physicians' opinions

Vance argues that the ALJ erred by failing to defer to the opinions of her treating physicians.

"Generally, the opinions of treating physicians are given substantial, if not controlling, deference."

---

[1]Vance articulates these first two arguments as both erroneous decisions by the ALJ and the district court. She appears to misunderstand that the ALJ weighed the treating physicians' opinions and evaluated her credibility in the first instance. The district court's role simply was to review the decision of the ALJ for substantial evidence, *not* make those determinations afresh. Nonetheless, such distinctions do not impact our decision here.

4

*Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); 20 C.F.R. § 404.1527(d)(2)). Yet, "[t]reating physicians' opinions are only given such deference when supported by objective medical evidence." *Id.* (citing *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003)). Moreover, "[t]he determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." *Id.* (alteration in original) (quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)).

Dr. Poore is Vance's treating primary care physician, and Dr. Goldfarb is her treating rheumatologist. Dr. Poore broadly opined that Vance cannot "hold down any type of job or do any type of productive work . . . for the rest of her life" due to "so much fatigue and muscle pain, joint swelling and tenderness from time to time." A.R. 393. He concluded that Vance "is unable to function in any type of work capacity now or in the foreseeable future." *Id.* However, such statements by Dr. Poore are precisely the type of conclusory physician statements that amount to a disability determination, *not* a medical opinion. Such disability determinations are reserved for the Commissioner and therefore are not given "any special significance." 20 C.F.R. § 404.1527(e)(1),(3).

Vance argues that the ALJ did not provide good reasons for discounting her treating physicians' conclusions. We disagree. It is true that the SSA's regulations require it to "give good reasons" for discounting evidence of disability submitted by the claimant's treating physicians because "these sources are likely to be the medical professionals most able to provide detailed, longitudinal picture of [the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(d)(2). However, unlike in *Wilson*, 378 F.3d at 545, the ALJ here did not summarily dismiss the treating

5

physicians' opinions; rather, the ALJ provided a lengthy, accurate, and thorough discussion of Vance's treating physicians' reports and findings. A.R. 20-22.

Here, the ALJ noted that Dr. Poore lists Vance's diagnoses as: severe rheumatoid arthritis, coronary artery disease, hypertension, gastroesophageal reflux disease, fibromyalgia, multiple allergies, fatigue, hypothyroidism, a history of bleeding ulcers, and depression. *Id.* at 21. Yet, the ALJ explained that several of Dr. Poore's diagnoses lacked the support of objective clinical findings and instead, Dr. Poore appeared to treat Vance "mostly for sinusitis and bronchitis, rather mild pulmonary problems." *Id.* Moreover, the ALJ explained that while Dr. Goldfarb stated that Vance's biggest problem was fibromyalgia, he tested Vance only once for fibromyalgia in 2001, and his documentation indicates continuous "improvement overall" or, at worst, that the disease remains "stable with mild problems." *Id.*

The ALJ also considered Vance's testimony about her activities of daily living. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."); 20 C.F.R. § 416.929(a). The ALJ explained that Vance engaged in the following activities of daily living: mopping and sweeping three times per month, doing laundry twice a week while carrying laundry baskets with clothes, cooks, cleans, does dishes, drive up to one hour without break, and shops for groceries alone some of the time. A.R. at 20-21. The ALJ properly found that Vance's "activities of daily living are also inconsistent with the level of pain and fatigue alleged." *Id.* at 21.

In addition, the ALJ considered a consultative examination conducted by Dr. Manusco. *Id*. The regulations provide that opinions of non-treating physicians may be considered. 20 C.F.R. § 404.1527(d)(1),(f). Moreover, while Dr. Manusco is not a "treating" physician with as extensive past with Vance as Drs. Poore and Goldfarb, he did examine Vance (albeit one time) and therefore his opinion may be accorded more weight than a non-examining physician. Dr. Manusco reported that Vance had no joint deformities or swelling; no nodules; no tenderness, redness or warmth; a normal range of motion; normal strength; normal sensation; and no evidence of physical limitation.

Ultimately, the ALJ agreed with the Residual Functional Capacity Assessment conducted by a state physician who reviewed the record, but did not examine Vance. A.R. 22. In light of all the aforementioned evidence, the ALJ provided good reasons for discounting the treating physicians' opinions and substantial evidence supported the ALJ's determination in that regard.

Vance also argues that fibromyalgia is an unusual impairment in that its symptoms are often not supportable by objective medical evidence. *See Rogers v. Comm'r of Soc. Sec*., 486 F.3d 234, 243 (6th Cir. 2007); *Preston v. Sec'y of Health and Human Servs*., 854 F.2d 815, 820 (6th Cir. 1988); *see also Sarchet v. Charter*, 78 F.3d 305, 306-07 (7th Cir. 1996). We agree. Nonetheless, a *diagnosis* of fibromyalgia does not automatically entitle Vance to disability benefits; particularly so here, where there is substantial evidence to support the ALJ's determination that Vance's fibromyalgia was either improving or, at worst, stable. *Cf. Sarchet*, 78 F.3d at 307 ("Some people may have a severe case of fibromyalgia as to be totally disabled from working . . . but most do not and the question is whether [claimant] is one of the minority.") (citations omitted).

**B. ALJ's evaluation of pain, credibility, and subjective complaints**

Vance argues that the ALJ's credibility finding is not supported in the record. We disagree. The ALJ found that Vance's "medically determinable impairments could reasonably be expected to produce the alleged symptoms. However, [Vance's] statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible." A.R. 20.

To evaluate Vance's complaints of pain, the ALJ properly considered her credibility. *See Walters*, 127 F.3d at 531 (citation omitted). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* (citation omitted). Notwithstanding that deference, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Id.* (citation omitted).

"Subjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability.'" *Arnett v. Comm'r of Soc. Sec.,* 76 F. App'x 713, 716 (6th Cir. 2003) (citing 42 U.S.C. § 423(d)(5)(A)); *see also Walters*, 127 F.3d at 531 (citing 20 C.F.R. § 404.1529(a)). We have explained that:

> In evaluating subjective complaints of disabling pain, this court must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the examination focuses on 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition, or 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain. *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). Because there are situations where pain symptoms may suggest a greater restriction than can be demonstrated by objective evidence, reasonable conclusions as to one's ability to do work activities can be derived from other information in conjunction with medical evidence. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117-18 (6th Cir. 1994).

*Id.*

While it is undisputed that Vance has the necessary objective medical conditions to support her claim, the contested issue is the severity of the symptoms resulting from those conditions. Here, the ALJ properly weighed the evidence to determine that Vance was not credible with respect to the severity of her symptoms. Unlike in *Rogers* where claimant's fibromyalgia symptoms progressively worsened, Vance's symptoms have either improved or remained stable. *Rogers,* 486 F.3d at 245 (Physicians' documentation "consistently demonstrates" that symptoms "have progressively increased in severity."). As discussed *supra*, other evidence also supported the ALJ's finding that Vance was not entirely credible with respect to the severity of her pain and limitations, including her activities of daily living. Thus, we find that substantial evidence supports the ALJ's finding in this respect.

**C. District court's review of the record as a whole**

Vance next argues that the district court erred by failing to evaluate the record as a whole under the substantial evidence standard. This argument also fails. We have explained that:

> It is apparent that counsel for [claimant] wishes this court to engage in a de novo review of every aspect of every piece of the favorable, and less favorable, evidence presented to the Commissioner through the ALJ. This court, however, is not charged with conducting the kind of "super review" requested.

*Arnett*, 76 F. App'x at 716. Here, the district court properly held that substantial evidence supported the ALJ's denial of Vance's benefits. In so doing, the district court properly accorded the ALJ the deference required under the substantial evidence standard. That substantial evidence might support a different conclusion is of no consequence because it is not grounds to reverse an ALJ. *See id.* at

715. Contrary to Vance's suggestion, it squarely is *not* the duty of the district court, nor this court, to re-weigh the evidence, resolve material conflicts in testimony, or assess credibility. *See Bass,* 499 F.3d at 509.

## CONCLUSION

While the record established a diagnosis of fibromyalgia (among other conditions), substantial evidence in the record supports a finding that Vance's physical condition was not severe enough to qualify her for disability benefits. Indeed, having reviewed the record and the ALJ's reasoning, we cannot say the decision here lies outside the available zone of choice. For all the aforementioned reasons and those discussed in the well-reasoned Report and Recommendation of the magistrate judge, we affirm the district court's judgment.