THE STATE EX REL. VANCLEAVE, APPELLANT, *v.* SCHOOL EMPLOYEES RETIREMENT SYSTEM, APPELLEE.

[Cite as *State ex rel. VanCleave v. School Emps. Retirement Sys.,* 120 Ohio St.3d 261, 2008-Ohio-5377.]

(No. 2007–2442—Submitted June 3, 2008—Decided November 12, 2008.)

———————————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of mandamus to compel appellee, School Employees Retirement System ("SERS"), to vacate its decision

denying the application of appellant, Susan E. VanCleave, for disability-retirement benefits. Because we hold that SERS did not abuse its discretion in denying VanCleave's application, we affirm.

## SERS Membership and Employment

{¶ 2} VanCleave has been a member of SERS since 1985. She was originally employed by the Washington Local Schools near Toledo as a school bus driver. She became a custodian at Monac Elementary School in February 1996 and received good performance evaluations in that position.

{¶ 3} In July 1996, while she was cleaning a bathroom wall at the school, VanCleave fell off a ladder, landing directly on her buttocks, lower back, and legs. As a result of the pain she experienced due to the fall, VanCleave left work in April 1998.

## Application for Disability–Retirement Benefits and Initial Denial of Benefits and Appeal

{¶ 4} VanCleave filed an application for disability-retirement benefits[1] with SERS in June 2000. Her treating physician, Richard A. Koepke, D.O., certified that VanCleave "is physically and/or mentally incapacitated for a period of at least *12 months* and is unable to perform the duty for which [she was] formerly responsible as a school employee." (Emphasis sic.) Dr. Koepke listed VanCleave's primary disabling conditions as "[h]erniated disc L4–5, degenerative disc disease lumbar spine, [and] bilateral sciatic neuralgia," and her underlying condition as "[f]ibromyalgia."

{¶ 5} SERS ordered a medical examination of VanCleave by Claire V. Wolfe, M.D. Dr. Wolfe conducted a physical examination of VanCleave in October 2000. Dr. Wolfe noted that VanCleave complained of constant pain to her lower back, right buttock, and leg. Dr. Wolfe further found upon her examination of VanCleave that "[p]alpitation revealed profound tenderness in the anterior chest bilaterally, moderate tenderness in the right lateral epicondyle and mild on the left, marked tightness in the left upper trapezius, mild tightness in the levators and cervical paraspinals. She was moderately tender in the lower back. She was severely tender with palpitation in the right buttock, moderately on the left. Both greater trochanders were tender, as were the medial knees."

---

1. The original papers filed in the court of appeals refer to, but do not include, VanCleave's application for disability-retirement benefits and the report of her treating physician, which she submitted to SERS with her application. The clerk of the court of appeals was contacted, but these materials could not be located. Nevertheless, the magistrate's findings of fact concerning the contents of these documents were not objected to by either party and are relied upon in this opinion for facts concerning the missing papers.

{¶ 6} Dr. Wolfe diagnosed VanCleave with "[f]ibromyalgia syndrome" and "[l]umbar degenerative disk disease without active radiculopathy" and included the following in her recommendations:

{¶ 7} "Ms. Crooks [n.k.a. VanCleave] has MRI documentation of lumbar degenerative disk disease with a bulge at L4–5 primarily to the left. Almost all of her symptoms are to the right. After several years of symptoms, she has no objective neurologic deficits. She has had normal electrodiagnostic studies in the past. Her low back symptoms are most compatible with her fibromyalgia diagnosis. I do not find anything on today's examination that would preclude her from continuing work as a custodian."

{¶ 8} Based upon this examination, Dr. Wolfe certified that VanCleave "is not physically * * * incapacitated for a period of at least *12 months* and is able to perform the duty for which [she was] responsible * * * as a school employee." (Emphasis sic.)

{¶ 9} An SERS medical advisory committee reviewed VanCleave's application and the evidence and concluded that VanCleave was not permanently disabled from performing her duties as a school custodian. The committee recommended that VanCleave's application be denied, and SERS adopted the committee's recommendation and denied the application.

{¶ 10} VanCleave appealed the decision, requested a personal appearance before the SERS retirement board, and submitted additional documentation in support of her appeal. Included in her additional submission was a letter from Dr. Koepke in which he noted that he had examined VanCleave in February 2001 and diagnosed her as having (1) degenerative disc disease L4–5, (2) chronic spinal sprain, (3) fibromyalgia, which was confirmed by multiple evaluations by specialists and was created or significantly aggravated by her July 1996 work injury, and (4) sciatic neuralgia. Dr. Koepke concluded that VanCleave could not return to her previous work as a janitor. Dr. Koepke noted that although VanCleave had undergone various treatments, including physical therapy, she remained unable to perform her previous duties.

{¶ 11} The medical advisory committee found that the additional submissions did not constitute additional objective medical evidence as defined in former Ohio Adm.Code 3309–1–41. The committee recommended that VanCleave's appeal be denied. In March 2001, SERS notified VanCleave that its retirement board had upheld its original decision to deny her request for disability-retirement benefits. SERS also denied her request for a personal appearance before the board.

### First Mandamus Case and Remand for Appeal Hearing

{¶ 12} In September 2002, VanCleave filed a mandamus action in the Court of Appeals for Franklin County challenging the denial by the SERS board of her

application for disability-retirement benefits. By agreement of the parties, the mandamus action was dismissed and the matter was remanded for an appeal hearing before the board.

{¶ 13} Before the hearing, VanCleave submitted updated records and reports in support of her application. This additional information included a May 2003 letter by Dr. Koepke, in which he diagnosed VanCleave as having (1) chronic spine sprain, (2) degenerative disc disease with previous herniation, (3) bilateral sciatic neuralgia, (4) fibromyalgia, (5) myospasm and myositis, and (6) chronic neuropathic pain syndrome. Dr. Koepke concluded that VanCleave's pain was "too disabling [for her] to perform her duties" as either a janitor or bus driver.

{¶ 14} The documentation also included several reports of Allan G. Clague, a neurologist, who had diagnosed VanCleave with neuropathic pain syndrome and was treating her for that condition. Dr. Clague determined that VanCleave could not return to her former position and that because she could perform the required duties for only short periods of time, she was totally and permanently medically disabled.

{¶ 15} VanCleave also submitted an April 2003 psychiatric evaluation of her by Melanie Thombre, M.D, diagnosing her as suffering from secondary mental disability, i.e., cognitive disorder, sleep disorder due to pain, and mood disorder due to chronic pain. Dr. Thombre concluded that VanCleave is totally and permanently disabled for her previous work as a school custodian and bus driver.

{¶ 16} At the hearing, VanCleave and her husband testified that she could not perform her previous position of school custodian. The medical advisory committee thereafter ordered that VanCleave be reexamined by Dr. Wolfe. Dr. Wolfe reexamined her in September 2003 and diagnosed VanCleave as suffering from (1) fibromyalgia syndrome, (2) depression and chronic anxiety, and (3) lumbar degenerative disease without acute radiculopathy.

{¶ 17} Dr. Wolfe again concluded that VanCleave "is not physically * * * incapacitated for a period of at least *12 months from the date of application* and is able to perform the duty for which [she was] responsible * * * as a school employee." (Emphasis sic.) Dr. Wolfe based her conclusion that VanCleave was not physically incapacitated on her opinion that although VanCleave had fibromyalgia, she was not precluded from working:

{¶ 18} "People with fibromyalgia are, in fact, generally distressed. The question of disability is more difficult to assess because it is a subjective one. I do not believe the fibromyalgia is functionally disabling, even for Mrs. VanCleave's job as a custodian. However, every physician that she has seen has told her that she cannot return to that, that her pain complaints will only be worse with that type of activity and it would be therefore very difficult, I think, for her to believe that she *could* return to such activity even if she went through a work

hardening program. It is difficult when you are the treating physician to be 'objective' and not take the subjective pain into consideration. However, based on my review of all the data and the examinations, I do not believe there are objective abnormalities that would preclude Mrs. VanCleave's work." (Emphasis sic.)

{¶ 19} The medical advisory committee relied on Dr. Wolfe's new medical evaluation and recommended that its original decision to deny VanCleave's application for disability-retirement benefits be upheld and that the appeal be denied. In November 2003, the SERS retirement board upheld its decision to deny the application.

## Second Mandamus Action

{¶ 20} In December 2006, more than three years after the retirement board's decision, VanCleave filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel SERS to pay disability-retirement benefits to her. In the alternative, VanCleave requested a writ of mandamus ordering the SERS board to vacate its denial of benefits and state its specific bases for its denial, including an explanation of how VanCleave's mental condition was determined without evaluation by a board-appointed psychologist or psychiatrist. VanCleave further requested, in the alternative, a writ of mandamus ordering the SERS board to revoke its denial of her application and to have her evaluated by a board-appointed psychologist or psychiatrist, and ordering that any board decision thereafter specify the evidence relied upon and the bases for its decision. After SERS submitted an answer and the parties filed evidence and briefs, the court of appeals denied the writ.

{¶ 21} This cause is now before the court upon VanCleave's appeal as of right.

## Mandamus—General Standard

{¶ 22} VanCleave requests extraordinary relief in mandamus, challenging the SERS action denying her application for disability-retirement benefits. "The Public School Employees Retirement System was established for the purpose of providing retirement allowances and other benefits to public school employees other than teachers." *State ex rel. McMaster v. School Emps. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133, 630 N.E.2d 701, citing 1 Baker & Carey, Ohio School Law (1993) 399, Section 8.25. Under R.C. 3309.39(C), to be entitled to disability-retirement benefits, an SERS member must be "mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee by a disabling condition either permanent or presumed to be permanent for twelve continuous months following the filing of an application." "Because there is no provision for appealing a final SERS decision, mandamus is available to correct any abuse of discretion by SERS." *State ex rel. Stiles v.*

*School Emps. Retirement Sys.*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13. "An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable." Id.

### Duty to Explain Decision on Disability–Retirement Benefits: Lack of Statutory Basis for Duty—*State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719

{¶ 23} VanCleave asserts that she is entitled to the requested writ of mandamus because SERS did not identify the evidence it relied upon and explain its reasons for denying her application for disability-retirement benefits. She contends that we should extend our decision in *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, to orders of public employee retirement systems, like SERS, that concern applications for disability-retirement benefits. In *Noll*, we held, "In any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." Id. at syllabus.

{¶ 24} We previously rejected a comparable request to extend *Noll* to public-employee-retirement-system disability determinations in *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, because (1) the *Noll* holding was expressly limited to workers' compensation claims, (2) the creation of the legal duty that a relator seeks to enforce in mandamus proceedings is the distinct function of the General Assembly, and courts are not authorized to create the legal duty enforceable in mandamus, (3) there had not been a flood of cases involving disability determinations by public employee retirement systems comparable to that experienced in workers' compensation cases so that court review of the administrative proceedings would be overly burdensome, and (4) *Noll* relied heavily on a decision in which we emphasized that the statutory duty existed on the part of the Industrial Commission to specify the basis for its decisions. Id. at ¶ 16–21.

{¶ 25} We concluded that the retirement system in *Pipoly* had no duty to specify the evidence it relied upon and its reasoning for its decision denying disability-retirement benefits:

{¶ 26} "Therefore, while extending *Noll* to [State Teachers Retirement System] and [State Teachers Retirement Board] determinations may be tempting based on policy considerations, see [*State ex rel.*] *Ochs* [*v. Indus. Comm.* (1999), 85 Ohio St.3d 674,] 675–676, 710 N.E.2d 1126, we will not impose the *Noll* requirements in the absence of a statutory duty or a comparable need for these requirements in cases other than workers' compensation cases. See, e.g., *State ex rel. Schwaben v. School Emp. Retirement Sys.* (1996), 76 Ohio St.3d 280, 285, 667 N.E.2d 398 ('However, while it may be tempting to decide this case on

subjective principles of equity and fundamental fairness, this court has a greater obligation to follow the law"). Accordingly, [the State Teachers Retirement System] had no clear legal duty cognizable in mandamus to specify what evidence it relied upon and explain the reasoning for its retirement board's decision denying Pipoly's application for disability retirement benefits." Id. at ¶ 22.

{¶ 27} Insofar as VanCleave's claim represents a reargument of the matters we previously considered and rejected in *Pipoly,* we deny it for the reasons previously specified in that case. As we observed in *Pipoly,* 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, at ¶ 21, "our review in a mandamus proceeding challenging an administrative determination on an application for disability retirement benefits is not any more burdensome than reviewing a summary judgment entered by a trial court without a detailed opinion. See Civ.R. 52." Although it may be preferable from a policy standpoint that a retirement board explain its reasoning for its decision, the General Assembly is the final arbiter of public policy. *Hubbell v. Xenia,* 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 22.

### Duty to Explain Decision on Disability–Retirement Benefits: Procedural Due Process

{¶ 28} VanCleave also claims that SERS's duty to identify the evidence it relied upon and to briefly explain its reasons for denying her application for disability-retirement benefits is constitutionally required by procedural due process and the right to open courts and to a remedy. See Section 1, Fourteenth Amendment to the United States Constitution ("nor shall any State deprive any person of life, liberty, or property, without due process of law"); Section 16, Article I of the Ohio Constitution ("All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay"). We did not consider these issues in *Pipoly,* 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, because they were not raised in that case.

{¶ 29} VanCleave has waived her claim that the rights under the Ohio Constitution to open courts and to a remedy impose a duty on SERS to identify the evidence it relied upon and to explain its reason for its decision because she failed to raise this claim in the court of appeals in her pleading, briefs, or objections to the decision of the court magistrate. See *State ex rel. Brady v. Pianka,* 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 14 (appellant waived constitutional claim that she did not raise in the court of appeals); *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.,* 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 42 (court need not address merits of constitutional claims on appeal when relator did not raise them in her complaint or amended complaint and other parties did not consent to the litigation of these claims); *State ex rel. Schmidt v. School Emps. Retirement Sys.,* 100 Ohio St.3d 317, 2003-Ohio-6086,

798 N.E.2d 1088, ¶ 6 (appellant waived issue that she could have raised in objections to magistrate's decision in lower court).

{¶ 30} To trigger the benefit of the right to procedural due process found in the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, VanCleave must show that she has a protected property or liberty interest in the disability-retirement benefits for which she applied. See *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 6.

{¶ 31} Even if it were assumed that VanCleave has a property interest in a disability-retirement benefit, she has not demonstrated in this case that she did not receive due process regarding her claim for that benefit. After VanCleave's application for disability benefits was denied, she sought reconsideration of that decision and obtained a personal appearance before the board to present her position. After that hearing, the SERS medical advisory committee requested and obtained another medical evaluation of Van Cleave for consideration. Cf. R.C. 3309.39(C). After the SERS board upheld its original decision to deny disability-retirement benefits, VanCleave had the opportunity to obtain the medical evaluations and the opinions of the medical advisory committee members and to argue, in this mandamus action, that the board abused its discretion in denying her benefits. See, e.g., *Stiles*, 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 13 (abuse-of-discretion standard applies in mandamus action challenging SERS's denial of disability retirement).

{¶ 32} Included in the record of this mandamus case are Dr. Wolfe's medical evaluations of VanCleave and the medical advisory committee's correspondence outlining why the doctors on that committee believed that VanCleave was not entitled to a disability-retirement benefit. Among the arguments VanCleave presented to the court of appeals was her contention that the SERS board abused its discretion by relying upon the medical report of Dr. Wolfe because the doctor had used the wrong standard in determining whether VanCleave's fibromyalgia was disabling. Under these circumstances, it is not clear how VanCleave's mandamus claim has been prejudiced by the summary nature of the board's decision. Cf. *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.* (1999), 87 Ohio St.3d 325, 332–333, 720 N.E.2d 901, citing *Mathews v. Eldridge* (1976), 424 U.S. 319, 334–335, 96 S.Ct. 893, 47 L.Ed.2d 18 (in determining what process is due, factors include the value, if any, of additional procedural safeguards).

{¶ 33} Therefore, we reject VanCleave's claim that due process required that SERS support its denial of her application for disability-retirement benefits by specifically identifying the evidence it relied upon and explaining the reasons for its decision.

{¶ 34} In so holding, we note that disability-retirement claimants, like Van-Cleave in this case, appear to already have, through administrative regulation, some right to obtain important information upon which to determine, generally, the basis of the board's decision. One of the pertinent regulations governing SERS disability determinations, Ohio Adm.Code 3309–1–41(A)(1), provides that a notice of the denial of disability benefits must be issued to the applicant and must "inform the member of * * * [t]he medical evaluation and the board's denial * * * of disability benefits [and] [t]he procedures for appeal of a denial * * * of disability benefits." Although the regulation does not specify that a notice of denial of disability benefits must explain the evidence relied upon to deny benefits, Ohio Adm.Code 3309–1–41(A)(1)(a) does require that the applicant be informed of "the medical evaluation" upon which, presumably, the benefit denial was based.[2] Indeed, the "medical evaluation" of the SERS board's consulting physician, or the SERS medical advisory committee's review of and concurrence in that evaluation, may in some cases provide the board's rationale for denying benefits. See, e.g., *McMaster*, 69 Ohio St.3d 130, 630 N.E.2d 701 (upholding SERS's denial of disability benefits based in part on recommendation of the board's consulting physicians); *State ex rel. Lecklider v. School Emps. Retirement Sys.*, 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 21 (SERS board did not abuse its discretion where the board's consulting physician and all the doctors of the medical advisory committee concluded that relator was not physically incapacitated from doing her job).

{¶ 35} In the present case, the letter that SERS sent to VanCleave advises that the board upheld its original decision to deny her disability-retirement benefits and that VanCleave had no further appeal rights.[3] That letter does not "inform [VanCleave] of the medical evaluation," regardless of the precise meaning of that term. The term "medical evaluation" in the regulation may mean nothing more than providing the applicant with a copy of the examining physician's evaluation—here, that of Dr. Wolfe—a matter we do not decide today. Failure to provide this information with the board's decision to deny benefits may require reversal of the board's order because a letter denying benefits without also

---

2. The regulation does not specify what constitutes the "medical evaluation" of which the applicant must be informed.

3. {¶ a} The letter sent to Van Cleave states:

{¶ b} "This letter is in reference to the appeal for reconsideration of your disability retirement. All of the information submitted on appeal has been reviewed, including all evidence and testimony in relation to your personal appearance and reexamination.

{¶ c} "On November 19, 2003, the Retirement Board upheld their [sic] original decision to deny your disability retirement application. All appeal rights in regard to this application have ceased."

{¶ d} The letter does not indicate that it included any attachments, i.e., Dr. Wolfe's medical evaluation report.

providing the medical evaluation it was based upon does not appear to be in compliance with the SERS rule.

{¶ 36} However, this case provides no occasion to decide what the term "medical evaluation" in Ohio Adm.Code 3309–1–41(A)(1)(a) means, as Van Cleave has not based her claim on an allegation that she was not "informed of the medical evaluation."

## Mental Evaluation

{¶ 37} VanCleave next asserts that the court of appeals erred in not granting a writ of mandamus to compel SERS to obtain a psychological evaluation of her when new evidence submitted with her appeal—the psychiatric report of Dr. Thombre based on an April 2003 psychiatric examination—indicated that she suffered from a mental disability in addition to her claimed physical disabilities.

{¶ 38} Under the version of Ohio Adm.Code 3309–1–41(A) in effect at the time of VanCleave's application, an applicant for disability-retirement benefits could appeal the initial SERS decision to deny benefits by filing a notice of intent to appeal and by providing "additional objective medical evidence" in support of the appeal, which evidence was required to be "current" and documented by a physician specially trained in the field of medicine "pertinent to the illness or injury for which the disability was claimed." 2000–2001 Ohio Monthly Record 1678, 1679, effective May 2, 2001. The present version of Ohio Adm.Code 3309–1–41(A) similarly requires that an applicant submit "additional evidence" with an appeal of an initial SERS decision to deny disability-retirement benefits, with that evidence defined to be "current and pertinent to the illness or injury for which the disability was claimed." Ohio Adm.Code 3309–1–41(A)(2)(a) and (d).

{¶ 39} VanCleave's application did not claim a disability based on a mental condition. Yet her mental condition is pertinent to the injuries for which she claimed disability: it arose from her physical injuries and symptoms, e.g., the chronic pain associated with her fibromyalgia.

{¶ 40} Nevertheless, VanCleave did not submit any evidence regarding a mental condition with her application. When she did submit evidence concerning this condition with her appeal, the evidence failed to disclose any disabling mental condition during the pertinent period of time for purposes of her application—12 continuous months following VanCleave's June 2000 application for disability-retirement benefits. See R.C. 3309.39(C) ("Medical examination of a member who has applied for a disability benefit shall be conducted by a competent disinterested physician or physicians selected by the retirement board to determine whether the member is mentally or physically incapacitated for the performance of the member's last assigned primary duty as an employee by a disabling condition either permanent or presumed to be permanent for twelve

continuous months following the filing of an application"). Instead, Dr. Thombre's report included a diagnosis based on an April 2003 examination and did not reveal whether VanCleave was disabled as a result of mental disability during the pertinent time period of June 2000 to June 2001.

{¶ 41} Moreover, VanCleave could have requested that SERS conduct a mental-health evaluation of her during the proceedings before it, but she did not.

{¶ 42} Under these circumstances and in the absence of any specific duty to do so under the pertinent statutes and regulations, SERS did not abuse its broad discretion in failing to order, sua sponte, a mental-health evaluation of VanCleave by a physician selected by it.

### Claimed Abuse of Discretion in Denial of Benefits and Reliance on Dr. Wolfe's September 2003 Report

{¶ 43} VanCleave next contends that SERS abused its discretion in denying her application for disability-retirement benefits.

{¶ 44} VanCleave's contention lacks merit. The court below correctly determined that the SERS board did not abuse its discretion in denying VanCleave disability benefits. Specifically, the medical reevaluation by Dr. Wolfe of VanCleave's condition concluded that Van Cleave suffered from fibromyalgia syndrome, depression and chronic anxiety, and lumbar degenerative disc disease without active radiculopathy, but did not exhibit complex regional pain syndrome. Based upon her review of the data, the treating physicians' reports, and her 2003 examination of Van Cleave, Dr. Wolfe concluded that Van Cleave did not suffer from a disability that would preclude her return to her last assigned duties as a custodian. The doctors of the SERS board's medical advisory committee reviewed Dr. Wolfe's report and the extensive medical documentation submitted by Van Cleave, and concurred with Dr. Wolfe's opinion that Van Cleave was not permanently incapacitated for the performance of her former duties as a custodian.

{¶ 45} VanCleave argues that SERS could not have relied on Dr. Wolfe's September 2003 report to deny her application for disability-retirement benefits because of the lack of objective medical evidence associated with her diagnosed condition of fibromyalgia.

{¶ 46} It has been recognized that "fibromyalgia is an unusual impairment in that its symptoms are often not supportable by objective medical evidence." *Vance v. Commr. of Social Sec.* (C.A.6, 2008), 260 Fed.Appx. 801, 806, 2008 WL 162942. It is thus difficult to determine the severity of a claimant's fibromyalgia because of the unavailability of objective clinical tests. See *Sarchet v. Chater* (C.A.7, 1996), 78 F.3d 305, 307 ("Some people may have such a severe case of

fibromyalgia as to be totally disabled from working * * * but most do not * * * ").

{¶ 47} But even in fibromyalgia cases, and notwithstanding VanCleave's argument to the contrary, subjective complaints are not conclusive of disability, and objective medical evidence is still relevant to a determination of the severity of the condition. See *Vance*, 260 Fed.Appx. at 806, 2008 WL 162942, quoting *Arnett v. Commr. of Social Sec.* (C.A.6, 2003), 76 Fed.Appx. 713, 716 (" 'If there is [objective medical evidence of an underlying medical condition], the examination focuses on 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition, or 2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the disabling pain' ").

{¶ 48} Therefore, the SERS did not abuse its discretion in relying on Dr. Wolfe's report even though she had concluded that she did not believe that there were "objective abnormalities" that would preclude VanCleave from performing her previous custodial duties. Nor did Dr. Wolfe completely discount VanCleave's subjective complaints as VanCleave suggests; instead, Dr. Wolfe recognized that the question of disability for people diagnosed with fibromyalgia "is more difficult to assess because it is a subjective one."

{¶ 49} To be sure, some of VanCleave's treating physicians expressed opinions regarding the severity of VanCleave's condition that differed from those of Dr. Wolfe and the SERS medical advisory board. But given the difficulties of determining the severity of fibromyalgia and its impact upon whether a claimant is permanently incapacitated from returning to her former job duties, the SERS board did not abuse its discretion in relying on the opinions of its consulting physician and the views of the board's medical advisory committee in upholding its denial of VanCleave's application for disability-retirement benefits.

## Conclusion

{¶ 50} Therefore, because VanCleave failed to establish any abuse of discretion by SERS in its determination denying her application for disability-retirement benefits, we affirm the judgment of the court of appeals.

Judgment affirmed.

LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., concurs in judgment only.

PFEIFER and O'CONNOR, JJ., dissent.

----

**PFEIFER, J., dissenting.**

{¶ 51} VanCleave has a protected property interest in the disability-retirement benefits for which she applied. See *Kapps v. Wing* (C.A.2, 2005), 404 F.3d 105, 115, and cases cited therein ("Every [federal] circuit [court of appeals] to address the question * * * has concluded that applicants for benefits * * * may possess a property interest in the receipt of public welfare entitlements"). See also *Flatford v. Chater* (C.A.6, 1996), 93 F.3d 1296, 1304 ("all appellate courts to date, including this one, have not questioned whether a social security claimant has a property interest in benefits for which he or she hopes to qualify"). To determine what process is due with respect to VanCleave's property interest, it is necessary to consider (1) "the private interest that will be affected by the official action," (2) "the risk of erroneous deprivation of that interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.* (1999), 87 Ohio St.3d 325, 332–333, 720 N.E.2d 901.

{¶ 52} The private interest involved here—the right to disability-retirement benefits—is significant. The risk of an erroneous deprivation of that right due to the lack of a statement by the School Employees Retirement System ("SERS") identifying the evidence it relied upon and its reasons for denying the application may be less than claimed by VanCleave. But the value in requiring an explanation is manifest—it will enable both parties and the court to better discern the reasons for the SERS determination and thereby also enable a more accurate resolution of a mandamus action challenging that determination. Finally, there is no evidence or indication that requiring SERS and its retirement board to specify what evidence it relied upon and to briefly explain its reasons for denying a disability-retirement benefits application would be either fiscally or administratively burdensome.

{¶ 53} Procedural due process requires SERS to specifically state what evidence it relies upon and briefly explain the reasoning for its denial of VanCleave's application for disability-retirement benefits. *Kapps*, 404 F.3d at 124 ("Claimants cannot know *whether* a challenge to an agency's action is warranted, much less formulate an effective challenge, if they are not provided with sufficient information to understand the basis for the agency's action" [emphasis sic] ). See *Barron v. Bd. of Trustees of Policemen's Pension & Relief Fund* (1985), 176 W.Va. 480, 485, 345 S.E.2d 779, paragraph four of the syllabus (the "procedural due process rights that should be accorded a member of the Policemen's Pension and Relief Fund * * * are that such member is entitled * * * to have the Board of Trustees give a written statement outlining its reasons for denying [an application for disability] benefits)." I am convinced that VanCleave has established that she is entitled to a limited writ of mandamus to compel SERS to

vacate its decision denying her application for disability-retirement benefits and to issue a new decision specifically stating what evidence it relies upon and briefly explaining its reasoning. An explanation would be particularly beneficial here, where Dr. Wolfe emphasized her suspect reliance on the lack of objective symptoms to support her conclusion that VanCleave was able to perform her job duties. See *Rogers v. Commr. of Social Sec.* (C.A.6, 2007), 486 F.3d 234, 245 ("in light of the unique evidentiary difficulties associated with the diagnosis and treatment of fibromyalgia, opinions that focus solely upon objective evidence are not particularly relevant"). The majority opinion's reliance on *Vance v. Commr. of Social Sec.* (C.A.6, 2008), 260 Fed.Appx. 801, 807, 2008 WL 162942, is misplaced because in that case, the court of appeals emphasized that there was evidence that the claimant's symptoms "have either improved or remained stable." In *Vance,* "other evidence also supported the * * * finding that [the claimant] was not entirely credible with respect to the severity of her pain and limitations, including her activities of daily living." Id. The record here is bereft of comparable evidence.

{¶ 54} I also disagree with the majority opinion's conclusory statement that "it is not clear how VanCleave's mandamus claim has been prejudiced by the summary nature of the board's decision." At a minimum, due process requires SERS to explain why it denied VanCleave's claim for disability-retirement benefits. Furthermore, SERS has introduced no evidence that it would suffer a fiscal or administrative burden that outweighs the risk that disability-retirement applicants would be wrongly denied benefits to which they are entitled when courts reviewing SERS determinations are uncertain of the reasons underlying those decisions. Therefore, fundamental due process requires that the judgment of the court of appeals be reversed and that a limited writ of mandamus be granted to compel SERS to issue a new decision on VanCleave's disability-retirement application that identifies the evidence it relies upon and briefly explains the reasons for the new decision. Because the court fails to do so, I dissent.

O'CONNOR, J., concurs in the foregoing opinion.

---

Fell & Marcus Co., L.P.A., and George N. Fell II, for appellant.

Nancy Hardin Rogers, Attorney General, and Todd A. Nist, Assistant Attorney General, for appellee.