**NOT RECOMMENDED FOR PUBLICATION**

File Name: 10a0218n.06

**No. 09-5623**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 07, 2010**

LEONARD GREEN, Clerk

| | |
|---|---|
| GORDON GANT, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) TENNESSEE |
| | ) |
| Defendant-Appellee. | ) |

Before: MARTIN, SILER, and MOORE, Circuit Judges.

**SILER**, Circuit Judge.  Plaintiff Gordon Gant appeals the district court's decision upholding the Commissioner's denial of disability benefits.  We review the decision of the district court de novo.  *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).  For the following reasons, we affirm.

Gant applied for Social Security benefits, basing his claim on the following conditions: degenerative disc disease, spinal stenosis, congestive heart failure, hypertension, cardiovascular disease, rheumatoid arthritis, osteoarthritis, prostate disorder, and sleep apnea.  In 2007, the administrative law judge ("ALJ") found that:  (1) Gant met the disability insured status requirements through December 31, 2004; (2) he has not engaged in substantial gainful activity since the alleged onset of disability; (3) he has severe impairments:  degenerative disc disease of the lumbar spine with history of surgery, congestive heart failure, hypertension, and obstructive sleep apnea; however, he

does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526; (4) Gant's subjective allegations were not entirely credible; (5) he has the residual functional capacity to perform a significant range of sedentary work, although he is unable to perform his past relevant work; (6) based on vocational testimony and considering Gant's age, education, past work experience, and residual functional capacity, there are significant numbers of jobs in the national economy that he can perform; (7) he was not under a disability as defined by Title II of the Social Security Act at any time from July 2, 2003 through December 31, 2004, the date last insured.

"We must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Colvin v. Barnhardt*, 475 F.3d 727, 729 (6th Cir. 2007) (internal quotation marks omitted). An individual is eligible for social security benefits on the basis of financial need and either age, blindness, or disability. 42 U.S.C. § 1382(a). An individual will only be determined to be under a disability if his impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Id*. § 1382c(a)(3)(B).

This case arises out of the ALJ's finding that Gant has the residual functional capacity to perform a significant number of jobs in the national economy. The Commissioner had the burden of identifying "a significant number of jobs in the economy that accommodate the claimant's residual functioning capacity." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

The ALJ based his finding on the testimony of a vocational expert ("VE") in response to a hypothetical question. The VE testified that a hypothetical individual with Gant's physical impairments as identified by Kamal J. Mohan, M.D., could perform the sedentary jobs of office helper, bill sorter, and receptionist. The VE further testified that, regionally, there are 11,000 such jobs and, nationally, there are 570,080 such jobs. Gant contends that this finding is not supported by substantial evidence (1) because the ALJ inappropriately rejected medical opinion testimony in formulating the hypothetical question to the VE, and (2) because the ALJ's hypothetical question to the VE did not include any restrictions from Gant's sleep apnea or obesity.

The ALJ discredited the medical opinion of Angela D. Watson, D.O., Gant's treating physician, because she failed to submit records supporting her findings and because her assessment was inconsistent with the record as a whole. See 20 C.F.R. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Dr. Watson's treatment notes do not fully support her November 14, 2004 opinion. In fact, her treatment notes from May 2004 to February 2006 reveal no significant findings. Because the record adequately supports the finding that Dr. Watson's medical opinion was not supported by her own treatment notes and was inconsistent with the record as a whole, the ALJ was warranted in discrediting her opinion.

The ALJ also discredited the January 18, 2005 medical opinion of Jesse E. McGee, M.D., stating that Gant has sleep apnea and was 100 percent disabled. Conclusory medical opinions are properly discounted as only the Commissioner can make the ultimate determination of disability. *See* 20 C.F.R. § 404.1527(e)(1). In addition, Dr. McGee is a cardiologist and not a sleep disorder

specialist. *See* 20 C.F.R. § 404.1527(d)(5) (more weight should be given to a specialist about medical issues to his or her area of specialty than to the opinion of a source who is not a specialist). James M. Andrews, M.D., who treated Gant's sleep apnea, only opined that Gant was functionally limited by his sleep apnea as to his ability to drive and operate heavy machinery. Moreover, the record shows that Gant's sleep apnea was controlled with a continuous airway pressure ("CPAP") machine. Because Dr. McGee's medical opinion about sleep apnea was inconsistent with the record as a whole and related to a matter outside his area of expertise, the ALJ was warranted in not accepting his opinion.

The ALJ found the August 30, 2005 medical opinion of Rodney Olinger, M.D., credible but determined that it was not relevant because it did not relate to Gant's limitations prior to December 31, 2004. Dr. Olinger's opinion was based on medical observations taken after Gant's insured status expired. Moreover, Dr. Olinger did not state that his opinion related back to Gant's condition prior to December 31, 2004. Similarly, the ALJ found the September 1, 2006 medical opinion of Barry Siegel, M.D., credible but not relevant because it did not relate to Gant's limitations prior to December 31, 2004.

The ALJ found Dr. Mohan's March 8, 2005 medical opinion credible and relevant. Dr. Mohan diagnosed Gant with the following: chronic lower back pain, status post laminectomy in 1999; obstructive sleep apnea, currently using CPAP machine; hypertension well controlled; pulmonary hypertension; obesity; hypersomnolence; bronchial asthma; hypercholesterolemia; and gastroesphageal reflux disease. He opined that Gant had the following functional capacities and limitations: lifting/carrying twenty pounds occasionally; standing/walking at least four hours in a

eight-hour workday, with breaks; periodically alternating sitting and standing; occasionally climbing, balancing, kneeling, crouching, crawling, or stooping; and limited in pushing/pulling with his upper and lower extremities. Dr. Mohan also identified Gant's environmental limitations, which included temperature extremes, dust, humidity/wetness, hazards, fumes, odors, chemicals, and gases. Although it was provided approximately two months after the expiration of Gant's insured status, Dr. Mohan's medical opinion is consistent with the record evidence that existed prior to December 31, 2004. Consequently, substantial record evidence supports the ALJ's determination to rely upon Dr. Mohan's medical opinion over the opinions of the other doctors. *See* 20 C.F.R. § 404.1527.

The VE's response to the ALJ's hypothetical question was reliable and constitutes substantial evidence for denying Gant's application for benefits. *See Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (stating that substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical if the question accurately portrays the plaintiff's individual physical and mental impairments). Gant contends that the VE's response to the hypothetical question relied on by the ALJ is unreliable because it did not include all of his limitations. However, in formulating a hypothetical question, an ALJ is only required to incorporate those limitations which he has deemed credible. *Stanley v. Secretary of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994). Because the ALJ properly discounted the medical opinions of the other doctors, he also properly excluded the limitations assessed by those doctors from the hypothetical question. *See id.*

Gant also contends that the ALJ's hypothetical question was faulty because it did not include any limitations related to Gant's sleep apnea or obesity. Impairments that are controllable or

amenable to treatment cannot support a finding of disability. *See* 20 C.F.R. § 404.1529(c); *see also*

*Houston v. Secretary of Health & Human Servs*., 736 F.2d 365, 367 (6th Cir. 1984). Because the

record indicates that Gant's sleep apnea was being controlled with treatment, there is substantial

evidence to conclude that he was not functionally limited by his sleep apnea. Moreover, the record

does not indicate that Gant's obesity imposes limitations that would preclude his performing the

sedentary jobs identified by the VE. Because the hypothetical question included those limitations

which the ALJ found credible and excluded only those limitations which were discredited for a

legally sufficient reason, there is substantial evidence to support the Commissioner's determination

that Gant can perform a significant number of jobs in the national economy. *See Blacha v. Secretary*

*of Health & Human Servs*., 927 F.2d 228, 231 (6th Cir. 1990).

**AFFIRMED**.